JAMES W. SMITH, surviving partner of Haggerty & Co., and others, Appellants, v. HERMAN SCHULTING, Respondent.

*Complaint—improper joinder of causes of action—who may join as plaintiffs.*

The complaint in this action alleged that the defendant was indebted in different sums to the various firms, plaintiffs herein, which he had agreed to pay as soon as he should be able to do so; that he had paid $10,000 on account of such indebtedness, but refused to pay the balance on the ground that he had been released by the plaintiffs; that the plaintiffs were induced by fraudulent concealment and representations on the part of the defendant to execute and deliver to him a joint release. They seek in this action to set aside such release, and pray for separate judgments in their favor for the balance of their respective claims.

*Held,* that the complaint was not objectionable as improperly uniting several causes of action.

That as the plaintiffs were induced, by a common fraud practised upon them, to execute a joint release, they were entitled to maintain a joint action to set the same aside.

That the fact that they prayed for separate judgments for the respective amounts due to them, did not render the complaint multifarious.

Appeal by plaintiffs from a judgment entered on an order sustaining a demurrer to the complaint, and from an order denying leave to amend, and from an order granting an additional allowance.

*William Watson,* for the appellants. A creditor's action by several judgment creditors seeking to set aside several fraudulent conveyances made by the debtor at various times, and to various persons, and to subject the property to various executions of the plaintiffs, and to render an assignee in trust liable, states but one cause of action, and the various transferees may be joined as defendants, though there was no privity between them. (*Reed* v. *Stryker,* 4 Abb. [Ct. App. R.], 31; 2 Mad., 234; 2 Anstr., 469, 477; *Whaley* v. *Dawson,* 2 Sch. & Lef., 270; *Boyd* v. *Hoyt,* 5 Paige, 65; *Dix* v. *Briggs,* 9 id., 595; *Murray* v. *Hay,* 1 Barb., Ch. 60.)

*C. B. Smith,* for the respondent.

DAVIS, P. J.:

The demurrer in this case states two grounds.

*First.* That the complaint does not state facts sufficient to constitute a cause of action.

*Second.* That several causes of action have been improperly united in the complaint.

The demurrer was sustained on the second of these grounds, and judgment ordered for the defendant. An application was made for leave to amend, which was denied. If the complaint is to be construed, as it was by the court below, as setting out three several distinct causes of action arising upon three separate and independent frauds of misrepresentation and concealment practiced upon each of the several firms, who are plaintiffs, the disposition of the demurrer by the court below was correct. But however the facts may turn out upon the trial, we think the true construction of the complant is not that stated in the opinion of the court below. In substance, the complaint alleges an indebtedness of the defendant arising upon several loans made by the respective firms who united as plaintiffs, which loans were payable whenever the defendant should be able to pay the same.

The complaint then alleges in substance that on the 7th day of October, 1868, the defendant did pay $10,000, part and parcel of said loan, but neglects and refuses to pay the residue, and asserts as a reason therefor that on that day the plaintiffs executed and delivered to him a release under seal, and that said release is a valid bar to any action. The complaint then further alleges that the release executed by them was made under a mistake of material facts, and was procured by the defendant in substance by misrepresentation and concealment, the particulars of which are set out at length; and they allege that they executed the release in ignorance of the material facts, and by taking advantage of such material facts the defendant induced them to execute a joint release which he now sets up and asserts as a bar to the several claims; and that they file a bill in equity for the purpose of setting aside their joint release on the ground of fraud, and a mistake on their part, arising out of such common concealment and ignorance, and they pray for judgment in their favor for the balance of their respective claims.

It may be that on the trial the facts proved will not sustain the allegations of common fraud practiced upon them, and in obtaining the joint release executed by them, but we see no good reason why they may not maintain their action in equity for the purpose of avoiding such release if the allegations be true.

The principal issue presented by this complaint is the invalidity of the alleged release. It is manifest by the admissions of the complaint itself, that unless the release be set aside there can be no recovery of the indebtedness to the several firms. They have a common interest, therefore, in this principal issue, and inasmuch as the release is, or under the allegations of the complaint must be assumed to be, a joint one, obtained by a common fraud, there is no reason why all the parties to it may not unite in an action brought for the purpose of declaring it void, and setting it aside because of a common fraud practiced upon them in obtaining it.

We think it comes directly within the principle of the cases cited by appellant's counsel, and although the plaintiffs were unconnected parties with respect to the indebtedness to them, they may join in the suit because there was one connected interest among them all centering in the principal point in issue. (2 Mad., 234; *Ward* v. *Northumberland*, 2 Anstr., 469, 477; *Whaley* v. *Dawson*, 2 Sch. & Lef., 270.)

The prayer for the additional relief by the recovery of judgment for the indebtedness, does not render the complaint multifarious. (*Geery* v. *N. Y. & L. S. Co.*, 12 Abb., 268; *Wells* v. *Bridgeport Hydraulic Co.*, 30 Conn., 316.) Nor does it prejudice their right to get rid of the release by a common action, and we do not see why that relief may not be granted under the Code in an equitable action, as an incident necessary to complete justice.

The judgment and order should be reversed and demurrer overruled, with leave to defendant to answer on the usual terms.

The other appeals are necessarily disposed of by this disposition of the demurrer. The orders should be severally reversed with ten dollars costs and disbursements in each case.

Brady and Daniels, JJ., concurred.

Ordered accordingly.