Carrington
*v.*
Holabird.

CARRINGTON *against* HOLABIRD.

It is competent to a court of chancery to grant a new trial in an action at law, and to restrain the prevailing party from enforcing his judgment, where it is against conscience to enforce it, and where the party subjected had no opportunity to make defence, or was prevented by accident, or the fraud or improper management of the opposite party, and without any fault on his own part.

The power of a court of chancery to interfere in this manner, is not taken away, but rather confirmed, by the 68th section of the statute regulating civil actions.

In such case, the fact that the judgment creditor is of undoubted ability to refund the money which may be collected on the execution, will not prevent such equitable interposition.

THIS was a bill in chancery. For a statement of the allegations in the bill and the prayer for relief, see 17 *Conn. R.* 531. The original decree dismissing the bill having been reversed, by the decision of this court, there was a new hearing of the cause before the superior court, at *Litchfield, February* term 1848 ; when the following facts were found.

*Holabird,* the defendant in this suit, instituted three actions in his favour against *Carrington* and *Lee,* as alleged in the plaintiff's bill ; which were continued in the superior court, from term to term, until the third *Tuesday* of *August* 1842 ; when judgments were rendered therein against *Carrington* and *Lee,* upon their default of appearance. The court did not find, that *Holabird* used any means to procure the continuance of said actions, otherwise than that he did not cause them to be called and defaulted at an earlier term of the court. In the practice of the courts in the county of *Litchfield,* it is not unusual that causes are continued, without special motion, or order being made or entered on the docket. After *Holabird* had so recovered judgment against *Carrington* and *Lee,* he took out executions thereon, and had them levied on *Carrington's* personal property, which he caused to be posted for sale, as alleged in the bill.

All the allegations in the bill touching the application of *Carrington* for the benefit of the bankrupt act, and his discharge from all his debts provable under that act, are true ; and the debts comprised in said judgments, were provable in bankruptcy, under that act, against *Carrington's* estate.

*Litchfield,*
June, 1848.

Carrington
*v.*
Holabird.

Neither *Carrington* nor *Lee* employed or retained any attorney to appear and answer to either of said actions; and there was no evidence to show, that they, or either of them, appeared therein, or answered thereto, or knew the condition thereof, or expected the judgments to be delayed.

Before and at the time of the commencement of this suit, there was, in the neighbourhood of *Holabird*, a current and general report, that he had made an assignment of his property for the benefit of his creditors, and had failed in his pecuniary business; but the court found, that he had not in fact failed, and was not insolvent, but then was, and ever since has been, entirely solvent, and possessed of ample means to pay all his debts.

On these facts the case was reserved for the advice of this court as to what decree should be passed.

*Hubbard* and *Hall*, for the plaintiff, contended, That he was entitled to the relief sought, *viz.* a new trial in the actions at law, and an injunction against further proceedings on the executions. They particularly insisted, 1. That the plaintiff had come to the proper forum for relief. He seeks an injunction, as well as a new trial; and the latter, if obtained, without the former, would not afford an adequate remedy. But the granting of an injunction is within the established and exclusive jurisdiction of a court of chancery. 17 *Conn. R* 537–9. 2 *Sto. Eq.* 173. *s.* 887. *Mitf. Pl.* 131.

2. That the defence which the plaintiff sought to avail himself of, was a meritorious one.

3. That the plaintiff had not precluded himself from relief, by any fault or negligence of his own.

4. That the fact of *Holabird's* solvency, (which is the only material fact in this case different from the former finding,) makes no difference in the result. This fact has no bearing whatever on the question of new trial; and the plaintiff still needs to be protected against having his property taken from him and sacrificed at the post. The remedy over, though against a solvent man, affords no adequate protection.

*Church* and *Seymour*, for the defendant, after remarking that the character of this application, as to whether it is to be considered a bill in chancery, or a petition for a new trial at

Litchfield,
June, 1848.

Carrington
v.
Holabird.

law, was carefully considered, at the term of this court in 1846, and it was decided to be the former, (17 *Conn. R.* 536.) contended, That it could not be sustained, on the facts now found, for either of the purposes for which it was brought.

They insisted, 1. That as to new trials in the actions which have gone into judgment; the remedy at law, under the 68th section of the statute regulating civil actions, is fully adequate and complete. The courts of law are thereby authorized, " *as occasion may require*, and as by them shall be judged *reasonable and proper*, to grant new trials of causes before them, for mispleading, &c. or for *other reasonable cause*, according to the common and usual rules and methods in such cases." *Stat.* 60. ed. 1838. A court of chancery has, in this respect, no greater power ; and it is all that the present case requires.

2. That as to the injunction sought ; though this is a proper subject of equity jurisdiction in certain cases, here is no foundation laid for the interposition of a court of chancery ; or if any such foundation was laid in the bill, it is taken away, by the finding. The fact of *insolvency* was all that the plaintiff relied upon, to show that he had not adequate remedy at law. This, if established, would show, that his remedy at law would be fruitless. But instead of being established, it is now found, that the defendant " then was, and ever since has been, entirely solvent, and possessed of ample means to pay all his debts." The gossip in the neighbourhood, especially after it is found to be *false*, can have no effect upon the case. Then what ground is there left for arresting the ordinary course of law ? If the plaintiff obtains a new trial and ultimately succeeds, he of course recovers back all that he has lost. Here is no fraud, by the the defendant ; no accident affecting the equity of the case ; no mistake—not even a misapprehension—on the part of the plaintiff. The defendant delayed taking judgment ; and may not a creditor delay taking judgment as long as he pleases ? The present plaintiff had notice that the suits were brought. This was enough to put him on enquiry at least, as to whether judgment had been rendered, or not. This he neglected to do. Had he done it, he would have had no pretence for coming here ; for he would have had all the opportunity that he could have, in any case, of making defence. Further ; it is found,

that the practice of the courts in *Litchfield* county, is, to continue causes, without motion or order being made, or entered in the docket. Now, all parties to a suit in court are presumed to be acquainted with the practice of such court. If the plaintiff, therefore, wished to have a default entered, he should have had it done. This also he neglected to do. Shall he now be permitted to make his own negligence a ground of relief?

There is nothing in the case to show, that the property on which the executions are levied, is *all* the plaintiff's property; or that it is of any peculiar character; or that it is of any importance to him to have the possession of it.

3. That if a court of chancery will not hold jurisdiction of this suit, for the purpose of granting a new trial, it will not interfere by way of injunction; for until it is decided, in the proper forum, that the plaintiff is entitled to a new trial, he has no need of an injunction. You must *assume* that a new trial will be granted, before you can make any case for the exercise of this extraordinary jurisdiction of a court of equity. In *Gager* & al. v. *Watson,* 11 *Conn. R.* 168. 172. where the bill prayed for an injunction and other relief, and the court were of opinion that such relief might be had at law, the bill was dismissed. The rule is not, that where jurisdiction is obtained for one purpose, it will be held for all purposes; but that where jurisdiction is obtained for a *discovery,* and the court can grant the relief, it will do so. If a discovery is not asked for; or is asked for merely to change the jurisdiction; or if it can be as well had at law; chancery will not interfere. 1 *Sto. Eq.* 82. 88. 90. 91. *Rathbone* v. *Warren,* 10 *Johns. R.* 587. *King* v. *Baldwin,* 17 *Johns. R.* 384. *Russell* v. *Clark's* exrs. 7 *Cranch,* 69.

CHURCH, Ch. J. When this case was before us on a former occasion, (17 *Conn. R.* 531.) we supposed that the general principles upon which the respective claims of these parties depended, were settled. But it appearing, upon a new trial of the cause, that Mr. *Holabird* was not insolvent, and that the allegation of his insolvency in the plaintiff's bill, was wholly disproved; he now claims, that no foundation is laid for this proceeding against him in chancery; but that the remedy of the plaintiff, if any, can be found only at law, under the provisions of the 68th section of our statute for the regulation of civil actions. *Stat.* 60. (ed. 1838.)

*Litchfield,*
June, 1848.
_____

Carrington
*v.*
Holabird.

On the former trial, we held, upon the authority of ad-judged cases, as well as from what we supposed to be the well established doctrine of equity jurisprudence, that it was competent for a court of equity to decree new trials of actions at law, in cases of the character then referred to. We might add to the authorities cited in favour of that opinion. If this be so, then such power has not been taken away, by the section of the statute referred to, but rather confirmed. That provision of the law authorizes the superior and county courts, to " grant new trials of causes that shall come before them, for mispleading, or discovery of new evidence, or for other reasonable cause, according to the common and usual rules and methods in such cases." The ordinary jurisdiction of these courts is both legal and equitable ; and therefore, under this statute, they may exercise either a legal or an equitable power, as in other cases, as the nature and object of the application shall demand. And this can be done, without any conflict or confusion of their distinct jurisdiction in matters of law and equity. Cases where the application for a new trial and the remedy are strictly of legal cognizance, are well defined in the books ; and where they are of an equitable character, we declared on the other trial. 3 *Bla. Com.* 387. *Chitt.* ed. *Tidd's Prac.* 934. 8th ed.

In the present case, the plaintiff not only asked for a new trial, but to render it effective, he prayed, also, for an injunction to stay proceedings on the executions, and save his property from the usual consequences and sacrifice of a forced sale. Here was a call for the extraordinary equitable interference of the court, as a court of chancery, and within the conceded powers of such a court. The application for a new trial, in this shape, was equitable in its character; and the court could grant it, as well under the authority of the 68th section of the statute, as by virtue of its general equity jurisdiction, aside from the statute ; and *non constat* but it did do so. And if a temporary injunction could be enforced, it may, for a sufficient reason, be made perpetual.

It is true, if the plaintiff can now succeed in his defence against the actions at law, upon the new trial which he claims, he may recover back the money collected on the executions, if the injunction be dissolved ; because the defendant, it is found, is of undoubted ability to refund. But would this be

an adequate remedy ?   We think not.   We believe the plain-
tiff is entitled, in such case, to a preventive remedy, notwith-
standing the solvency of Mr. *Holabird.*   It is notorious, that
a forced auction sale of goods in the country, is a sacrificing
sale.   Besides this, by such a proceeding, the owner of such
goods, if a merchant, is in danger of being broken up in his
business and credit.   Against all this he has a right to pro-
tect himself, when he shows an equity.   We shall not search
for authorities to warrant us in advancing an opinion so ob-
viously just.

We said before, that, if nothing more was wanted by the
plaintiff, than a new trial of the actions at law, on account of
the mistake alleged, he might have had his remedy on the
law side of the court ; but we see that much more is asked
for, and much more is necessary, to afford an adequate relief.
This justifies him in resorting to the equitable jurisdiction
of the court ; and as we are persuaded that the solvency of
the defendant, which is the only new fact brought out, by the
new trial, upon which he relies, does not destroy the remedy
which the plaintiff seeks, we shall advise the superior court
to enjoin the defendant against further proceedings on his ex-
ecutions, and that a new trial of the actions at law be granted,
with liberty to the defendants in such actions to set up in
defence the proceedings in bankruptcy ; and also, with liberty
to the plaintiff in such actions to reply to or attack such pro-
ceedings as fully as he could have done, while said actions
were pending, and without prejudice from any finding of facts
on this bill, by the superior court.

In this opinion the other Judges concurred, except ELLS-
WORTH, J., who gave no opinion, having been of counsel in the
cause.   HINMAN, J. still thought, that the bill was insufficient ;
but this point having been decided otherwise, in the former
case, he yielded to the authority of that decision.

Decree for plaintiff.