GEORGE A. WELLS vs. BRIDGEPORT HYDRAULIC COMPANY.

Appraisers of damage to land taken under a charter, acting in the absence of the land owner, were misled as to certain material facts, and appraised the damage at one dollar, when it was in fact five thousand dollars. Held, that a court of equity would relieve, and this, whether the appraisers were misled by fraudulent representations or by their own misapprehension.

In such a case the court will enjoin the party procuring the appraisement from using the appraisers' record of proceedings as evidence in an action at law brought by the land owner to recover his actual damage.

It is no objection to such relief that the proceedings on the part of the appraisers have been in all respects formal and regular. The fact that they have been so and that therefore the party aggrieved has no remedy at law, is itself the ground of the equitable interference.

A new appraisement ought in such a case to be made under the direction of the court, and until that is made and the damages paid the injunction ought to stand.

A bill in equity is not multifarious when its allegations all relate to one transaction, between the same parties, to one and the same subject matter and the same injury, although it may pray for two different methods of relief against that injury.

The bill in this case held not to be multifarious, altogether it prayed for an injunction against the use of the appraisement as a defense to the action at law for damage already sustained, and for a new appraisement of the damage.

An allegation in a bill that the petitioner "has been informed and believes and therefore avers," is a sufficiently positive averment.

BILL in equity. The defendants were a corporation, authorized by their charter to divert and use the water of any stream, upon making compensation to parties injured; and in case the amount of damage could not be mutually agreed upon, then either party might apply to a judge of the superior court, who, after causing due notice to be given, should appoint appraisers to estimate the damage.

The defendants desired to divert water from a certain stream upon which the petitioner had a mill of considerable value, and also fixtures used for getting out and storing ice for sale. They applied to a judge for the appointment of appraisers. A day was fixed for the hearing, and an order made that notice be given to the petitioner by reading or copy, or by leaving a copy with, or reading the same in the hearing of, certain persons named as having charge of the premises.

Wells *v.* Bridgeport Hydraulic Co.

The petititioner was himself absent in Europe, and had no knowledge of this or the subsequent proceedings. Service was made upon certain persons alleged to be in charge of the premises, but they did not appear. At the day fixed appraisers were appointed. They named a day for a hearing to be had before them, and caused notice to be served in the same manner as the previous one. At this hearing no one appeared for the petitioner. An attorney of the defendants was present, and also one Richardson, an owner of more than half the stock of the company, and another person, acting as attorney for certain other parties in interest. The appraisers viewed the premises, and by some means were led to the opinion that the petitioner's mill had been abandoned, and that consequently he would suffer no damage, and they allowed only a nominal sum, one dollar. The company afterwards went on and diverted the water for their own uses. The petitioner then sued the company at law for the damage caused him. While that action was pending he brought the present petition, alleging that he had been damaged to the amount of five thousand dollars; that he was informed and verily believed and therefore averred, that the assessment of merely nominal damages was occasioned by misrepresentations made to the appraisers, either intentionally or unintentionally, by parties acting for the company, to the effect that he would not claim damages; alleging also that he was absent, and ignorant of the proceedings, and that the parties served were not his agents. The prayer of the petition was that the appraisement be set aside, and a new one ordered, and that the company be enjoined from using the proceedings as evidence in the trial at law or otherwise. The defendant denied all the allegations of the petition, and also demurred to it as insufficient, and the superior court found the foregoing facts, and reserved the questions arising on the facts and on the bill for the advice of this court.

*Loomis*, for the petitioner.

1. The bill is not multifarious; the matters complained of arose out of the same transaction. *De Rieman* v. *Cantillon*, 4 Johns. Ch., 85; *Beardsly* v. *Hall*, 1 Root, 367; *Murphy* v.

*Clark*, 1 Sm. & Marsh., 221; *Pleasants* v. *Glasscock*, 1 Sm. & Marsh. Ch., 17; *Robertson* v. *Stephens*, 1 Ired. Ch., 247; *Watson* v. *Cox*, id., 389; *Weed* v. *Weed*, 25 Conn., 337. This question is one resting in the discretion of the court, and every case must be determined upon its own circumstances. *Gaines* v. *Chew*, 2 How., 642; *Varick* v. *Smith*, 5 Paige, 137; *Cornwell* v. *Lee*, 14 Conn., 528.

2. The facts entitle us to relief. Where a misapprehension of facts has occurred, equity will relieve. *Chipman* v. *Hartford*, 21 Conn., 488. It will especially do so where improper influences have been used. *Miller* v. *Wells*, 23 Conn., 33. Also where a party has had no notice, and injustice has been done him with no fault on his part. Great injustice has been done here. To require a new appraisement will do no injustice to the respondents. It is of no importance whether the notice ordered was sufficient, or whether the persons to whom it was given were the authorized agents of the petitioner. He was in fact absent at the time of the appraisal, and wholly ignorant of all the proceedings, and this without any fault on his part. The very ground on which a court of equity interferes in such cases, is that the proceedings have been regular, and can not be set aside or reviewed by any proceeding at law. *Bridgeport Savings Bank* v. *Eldredge*, 28 Conn., 556.

*Beardsley* and *Seeley*, for the respondents.

1. The bill does not set out facts sufficient to entitle the petitioner to relief. He does not allege that he has not now sufficient water. He does not deny that the parties served had charge of the premises, and does not allege that he had any other agent, and the bill does not show how service could have been made on him. The bill is also defective in alleging merely information and belief of the misrepresentations relied upon. *Waddell* v. *Bruen*, 4 Edw. Ch., 671.

2. The bill is multifarious. It sets up facts to show that a re-assessment should be made and prays for such re-assessment, and the other facts as a ground for an injunction, which is also prayed for, against the setting up of the proceedings of the appraisers as a defense in the suit at law brought

for damages already caused by the wrongful act of the defend-
ants in entering upon the land and diverting the water,
which is wholly a different damage from that which would be
appraised under a new assessment, which would be the future
damage from the permanent diversion of the water.

3. The petitioner is not entitled to relief upon the facts as
found. 1st. The notice ordered by the judge was sufficient.
The charter required ordinary notice or such as the judge
might prescribe. Ordinary notice could not be given. The
judge had in such a case discretion as to the kind of notice,
and he exercised that discretion, and there being no pretense of
fraud his action can not be reviewed. *Hood* v. *N. York &
N. Haven R. R. Co.*, 23 Conn., 609, 622. 2d. The notice
ordered by the appraisers was sufficient. It was substantially
the same as that ordered by the court. 3d. The petitioner's
absence was immaterial. The validity of the proceedings
could not be affected by that fact. *Methodist Church* v.
*Mayor of Baltimore*, 6 Gill, 391. The legislature had full
power to prescribe what notice should be sufficient, and when
such notice was given the petitioner was bound by it, whether
he in fact ever received notice or not. *Owners, &c.* v. *Mayor
of Albany*, 15 Wend., 374.

SANFORD J. By the finding of the superior court it is
shown that under the forms of law the petitioner's property
has been taken and appropriated by the respondents to their
own use, to the great injury of the petitioner, and without
any substantial compensation being made for such injury.

The Bridgeport Hydraulic Company was incorporated for
the purpose of supplying the city of Bridgeport with water;
and by the terms of its charter it was authorized to take and
use the waters of any stream or streams upon making com-
pensation therefor, the charter containing the following pro-
vision with regard to the manner of determining the amount
of the compensation:—" In case any damage shall occur
or be likely to occur to any person by means of taking his
land or estate for the purposes of the act or in the construc-
tion of the works of the company, and said person shall not

have agreed with said company in writing for such damage, then said person may apply to the superior court for Fairfield county, or to any judge of the superior court who may by law judge between the parties, giving ordinary legal notice, or such notice as any judge of said court may prescribe to be given to the adverse party; and thereupon said court or judge shall appoint three judicious and disinterested persons to assess just damages to the parties concerned after reasonable notice to them," &c. Under this provision in the respondents' charter application was made to the superior court, an order of notice was obtained, assessors were appointed, the petitioner's damages were assessed, and all the proceedings in relation to such assessment were entirely completed, and the respondents appropriated the petitioner's property to their own use, while the petitioner was absent in Europe, when he had in fact no actual residence in this state, and no agent here authorized to act in his behalf, and was entirely ignorant of the whole proceeding.

We deem it unnecessary to decide whether, under the order made by the superior court, notice to the person in occupation of the petitioner's property was a legal execution of that order, or was not, because we are satisfied that the finding of the superior court requires us to hold that, whether it was or not, the assessment ought to be held invalid. It was made, as the superior court finds, in the petitioner's absence, and when he had in fact no notice, or opportunity to be heard; while Richardson, the owner of more than half of the capital stock of the company, together with one attorney of the company, and another " attorney of certain other parties in interest," were present, and the committee were led to an opinion that the petitioner's mill had been abandoned, and that there would be no damage to him from the taking of the water by the respondents. By whom the committee were so led, or by what statements, representations or appliances, the superior court does not find. But as it does not appear that any other than the three persons above mentioned were present with the committee, it is fair to presume that the committee were led by them or some of them. And as damages amount-

ing, according to the finding of the superior court, to five thousand dollars, were assessed at one dollar, we can not but see that whatever the motives of the parties leading, or the means made use of by them, the committee were in fact misled. The opinion to which they were led, and on which they founded their assessment, was utterly and grossly erroneous and unfounded. It is clear that the committee proceeded upon mistaken premises, upon erroneous information, and the conclusion to which they came was clearly wrong. It matters little whether the representations upon which they based their opinion and assessment were fraudulently made or not. It is enough that they were false, and that the committee were deceived and misled thereby.

Courts of equity relieve against accidents, errors and mistakes as well as frauds. And even where a party innocently misrepresents a fact by mistake, if it operates as a surprise and imposition upon the other party, the latter is entitled to relief. These principles, says Mr. Justice Story, 1 Eq. Jurisp., § 193 ; " are so consonant to the dictates of natural justice that it requires no argument to enforce or support them." The case of *Carrington* v. *Holabird*, 17 Conn., 531, is analagous to the ·case before us. In that case three suits were brought by Holabird against Carrington & Lee upon promissory notes. The writs were duly returned ; neither of the defendants appeared, but the plaintiff had the suits continued in court until the third term, when he took judgment by default. In the mean time Carrington, supposing that those suits had gone into judgment as they ought to have gone at the first or second term of the court, obtained his certificate of discharge under the bankrupt act of the United States, and after such discharge acquired property upon which Holabird now levied his executions, and which he advertised for sale under the levy. Carrington then brought his petition for a new trial of the actions upon the notes, to enable him to plead his certificate in bar, and for an injunction against further proceedings under the judgments so obtained ; and this court held that the petitioner was entitled to the relief for which he prayed. Church, J., in giving the opinion

of the court, said ;—" This jurisdiction will be exercised, when to enforce a judgment recovered is against conscience, and when the defendant had no opportunity to make defense, or was prevented by accident, or by the fraud or improper management of the opposite party, and without fault on his own part." And again ;—" We have no reason to say that the plaintiff in those actions resorted to any means to continue them upon the docket. But the injury resulting to the present plaintiff by reason of the unwarranted delay in the rendition of the judgments is none the less real."

The principles applied in that case we think are applicable in the case now before us. The proceedings before the committee were of a conclusive character, and the law has provided no mode of obtaining relief against them, by petition for new trial, writ of error, or otherwise, in the courts of common law jurisdiction. But in a case like this, in which manifest injustice has been done by the judgment of a tribunal before which the aggrieved party, without any fault of his own, has had no opportunity to be heard in vindication of his rights, it seems peculiarly proper for a court of equity to interpose and prevent the respondents from making use of the advantage thus unfairly obtained to defeat the plaintiff's action. 2 Story Eq. Jur., § 885.

But several objections are taken to the bill. First, it is claimed to be insufficient, because it does not show that the respondents have not left in the stream water enough for the petitioner's use. But the bill does state that the respondents diverted the water of the brook from the premises of the petitioner, and that the damage thereby occasioned to the petitioner was not less than five thousand dollars, while the committee was led to assess those damages at one dollar ; and in our judgment that is a sufficient statement of the petitioner's injury. Secondly, it is said that the petition does not show how notice of the respondents' application for an assessment could have been given to the petitioner. But, as we have already intimated, our opinion that the petitioner is entitled to relief is not founded upon the idea that the order of notice was not duly obtained or not duly executed, but upon the

fact stated in the bill and found by the superior court, that the assessment of nominal damages only was owing to misrepresentations made to the committee, by which they were deceived and misled.

Next, it is contended that the bill is insufficient because the charge of misrepresentation is made as upon information and belief. The allegation is that the petitioner "is informed and verily believes and thereupon avers," &c. The charge therefore is made in terms of direct and positive averment. And not only is it in the form very commonly adopted in bills in equity, but it is in no degree impaired by the statement that it is made upon information which the petitioner verily believes to be true. It is still a direct and positive averment.

Lastly, it is claimed that the bill is bad for multifariousness. "By multifariousness," says Mr. Justice Story, (Eq. Pl., § 271,) "is meant the improperly joining in one bill distinct and independent matters and thereby confounding them." We discover no such joinder in this bill. All the allegations relate to one and the same transaction between the same parties, to one and the same subject matter, and to the same injury; and the petitioner prays relief only against a proceeding by which that injury is sought to be consummated.

Upon the whole, we think that a new assessment of the petitioner's damages ought to be made, by order, and under the direction and subject to the approval, of the superior court, and that in the mean time, and until such damages shall have been so assessed and paid by the respondents to the petitioner, the respondents ought to be enjoined from pleading, giving in evidence, or in any way using, the former proceedings in the assessment of damages, as a defense to the petitioner's action at law. And we so advise the superior court.

In this opinion the other judges concurred; except DUTTON J., who having been counsel in the case did not sit.