SOPHIA V. BENSON; APPELLANT, *v.* NICHOLAS ANDERSON AND ANOTHER, RESPONDENTS.[1]

(See former opinion per Smith, J., 9 Utah, 154.)

1. JUDGMENT.—EQUITABLE RELIEF.—A court of chancery has power to review a decree of the probate court where the same has been obtained by fraud or mistake and has worked a positive injustice, even though plaintiff had notice of all the proceed-

---

[1] Petition to modify opinion and decree denied June 26, 1894.

ings in the probate court and the time for an appeal from the decree of distribution has expired.

2. ID.—ID.—MISTAKE.—IMPOSITION.—Where it appears that the probate court awarded an intestate's entire estate to his brother when he left a wife surviving him, and that the wife was an old woman who had very little understanding of the English language and depended wholly upon others for information as to her rights and the proceedings in the probate court, it is sufficiently shown that the court either labored under a mistake or was fraudulently imposed upon.

(No. 390.   Decided June 7, 1894.   37 P. R. 256.)

APPEAL from the district court of the fourth judicial district, Hon. James A. Miner, *Judge.*

Action by Sophia V. Benson against Nicholas Anderson and another to quiet title. From a decree for defendants, plaintiff appeals. *Reversed.*

The appeal in this case was dismissed June 9, 1893, on the ground that no undertaking had been filed.   See opinion per Smith, J., 9 Utah, 154. June 20, 1893, petition for a rehearing was denied. June 26, 1893, undertaking on appeal filed and also motion to reinstate appeal. October 28, 1893, appeal reinstated. January 12, 1894, motion to dismiss appeal denied.

*Messrs. Maloney. & Perkins,* for appellant.

*Mr. B. H. Jones* and *Messrs. Kimball & Allison,* for respondents.

SMITH, J.:

This was an action, brought originally in the district court, to set aside certain proceedings in the probate court of Box Elder county, and praying that plaintiff's title be quieted to certain lands which are in her possession.   The record discloses that the case was tried before J. B. Bar-

ton, referee, who filed findings of fact and conclusions of law, upon which a decree was entered dismissing plaintiff's bill. The evidence is before us, and shows the following state of facts: About the year 1864 the plaintiff was the wife of one Valentine Valentinsen, and at that time, with her husband, entered upon and took possession of the land in dispute, the same being then public land of the United States. Subsequently Valentinsen died, and later the plaintiff married Bengt A. Benson, and continued to live on and cultivate this land. In 1889 one Alice Rosenbaum,—having obtained the government title to the land in controversy,—by a sufficient deed, conveyed it to the husband of plaintiff, Bengt A. Benson. On August 27, 1889, Bengt A. Benson died, leaving personal property and the land in question as his estate. Defendant Nephi P. Anderson was appointed administrator of the estate of Benson. Such proceedings were then had in the probate court that on April 15, 1890, a decree of distribution was made, distributing the entire estate, including the land in controversy, to the defendant Nicholas Anderson, and disinheriting the plaintiff entirely. Nicholas Anderson, it is conceded, was a brother of Benson, deceased. The plaintiff had notice of all proceedings in the probate court. No appeal was taken from the decree of distribution, and the time for appeal had expired when this suit was brought. During all of said proceedings, and up to the present time, plaintiff was living on the land in dispute, cultivating it, and claiming to own it. It further appears that the plaintiff is an old Danish woman, who has a very poor knowledge or understanding of the English language; that the probate proceedings were in English; that she depended wholly on others for information as to her rights, and the proceedings in the probate court. It was insisted by plaintiff that she paid Rosenbaum for the land, though, as to this, there was a conflict in the testimony. The

referee, as conclusions of law, found that Nicholas Anderson was the owner in fee simple of all the land, and that plaintiff's bill should be dismissed.

It is difficult for us to see just how such a conclusion was reached, on the facts found. There is no question, in our opinion, but that the district court, sitting as a court of chancery, had power to review a decree of the probate court, where the same had been obtained by fraud or mistake that had worked a positive injustice. See Pom. Eq. Jur. § 919, and cases cited in note. There is no dispute but that Bengt A. Benson died without issue. It is expressly found that plaintiff is his widow. The defendant Nicholas Anderson, it appears, is a brother of the deceased, although that fact is not expressly found. If it be true that Anderson is the brother of deceased, then plaintiff is entitled to one-half of the estate, and Anderson the other half. Comp. Laws Utah, § 2741, sub sec. 2. The failure to follow the plain command of the statute just cited is very persuasive evidence that the probate court, in making its decree of distribution, was laboring under a mistake as to the facts or the law of the case, or was fraudulently imposed upon. It was suggested in argument that the order and decree could be accounted for on the ground that plaintiff was a polygamous wife of Benson, but the findings of the referee negative this idea, for it is found as a fact that plaintiff married Benson. There is no hint that the marriage was not a valid one. Plaintiff was at the time competent to marry, and there is no pretense but that Benson was. Upon the facts, as found, we must hold that plaintiff was Benson's lawful wife, and is his widow. We have no doubt, however, that the probate court was laboring under some such mistake; and, whatever the mistake was, it was of a vital character, as it effectually deprived plaintiff of the home where she had lived for 30 years, and gave the entire estate, both real and personal,

to the brother of the deceased. We do not feel that we can give our sanction to such a proceeding. This the judgment below did. We do not intend to declare that a party to a probate proceeding may sit by when an erroneous decree is entered against him, and negligently permit the time for appeal to expire, and depend on a bill in equity to correct it. But in this case sufficient excuse is shown for the failure to appeal, and no such neglect is shown in this case as ought to deprive the plaintiff of relief.

Some question is made as to the right of appellant to be heard in this court, but all these questions have been passed upon on the motions to dismiss the appeal, and we do not deem it necessary to refer to them again.

We do not deem it necessary to direct a retrial of the case in the court below, but, upon the evidence before us, it is apparent that we can direct the court below to enter a judgment that will be just to both parties. It is therefore ordered that the cause be remanded to the district court, with directions to set aside the decree of distribution made by the probate court of Box Elder county, and that the district court enter a decree awarding one-half of the entire estate of Bengt A. Benson to plaintiff, and one-half to defendant Nicholas Anderson, and to include the dwelling of plaintiff in the one-half awarded to her; and the district court is directed to take any proof it may deem necessary to enable it to make a just and equitable division of said estate.

MERRITT, C. J., and BARTCH, J., concur.