LITHUANIAN BROTHERHELP SOCIETY ST. WICENTUS vs.
JOSEPH TUNILA.

First Judicial District, Hartford, May Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In a suit to enjoin the enforcement of a judgment against a voluntary
association, the complaint alleged that service was made only by
leaving a copy thereof at the house of the association's secretary,
an ignorant foreigner, who understood from the officer and from
the plaintiff's attorney that no suit had been begun. *Held:*—

1. That the allegations as to what the secretary understood from, and
what his wife told him of, the officer's statements, and as to his
conversation with the plaintiff's attorney, ought not to be ex-
punged, because such facts were proper evidence that the asso-
ciation's failure to defend was due either to mistake, or to the
wrongful conduct of the attorney.

2. That allegations to the effect that the attorney gave the secretary
to understand that no action had been or would be commenced
were sufficiently specific without setting forth the attorney's
statements.

3. That the complaint, alleging said facts, and that the association
had no knowledge of the pendency of the suit until after judgment,
that it had a good defense, and that the original plaintiff refused to
allow the default to be opened, was not demurrable.

Proof that the secretary, from misunderstanding caused or contributed
to by plaintiff's attorney, without negligence of the association
or the secretary, failed to enter an appearance, might entitle
the association to equitable relief without proof of fraud by the
attorney.

In such a suit, an allegation that the original defendant had a good
defense, with a statement of a defense apparently good, is a suffi-
cient averment.

In such a suit, if the original defendant, now plaintiff, knowing of the
pendency of the original suit, had failed to appear, the mere fact
that service was defective as to time would not give such plain-
tiff a claim for equitable relief.

Fraud, accident, mistake and surprise are grounds for equitable inter-
ference when one, without negligence, has lost an opportunity
to make a meritorious defense to an action, and the enforcement
of the judgment so obtained against him would be against equity
and good conscience, and there is no adequate remedy at law.

The Court of Common Pleas has no jurisdiction to grant a new trial
of a justice suit, except under § 816 of the General Statutes.

Submitted on briefs May 5th—decided June 2d, 1908.

ACTION to restrain the enforcement of a judgment of a justice of the peace in favor of the defendant, and to secure its annulment, brought to the Court of Common Pleas in Litchfield County and tried to the court, *Welch, J.*, on demurrer to the complaint; the court overruled the demurrer and rendered judgment for the plaintiff, from which the defendant appealed. *No error.*

*Thomas J. Wall*, for appellant (defendant).

*Samuel A. Herman*, for the appellee (plaintiff).

HALL, J. The plaintiff is a voluntary association, of which the defendant is a member.

The complaint alleges substantially these facts :—

The defendant brought an action against this plaintiff to recover alleged "sick benefits," returnable before a justice of the peace on the 12th of June, 1907, the complaint in which was not otherwise served than by leaving, on the 7th of said June, an attested copy thereof at the place of abode of one Petrofski, the secretary of the society, and obtained judgment therein by default, on said return day, for $50 damages and $5.76 costs, which he threatens to enforce.

The said secretary of the plaintiff society was a foreigner, and did not well understand and could not read English. He understood from his wife, and from what she informed him the officer leaving the copy had told her, that the copy was a notice to call at the office of the attorney for the defendant, Tunila, which he did. The attorney informed him that he had the claim in question against the society for collection, but did not inform him that any suit had been brought upon it, but led Petrofski to believe that the society had better consider the matter, and settle the claim without litigation. At the same time Petrofski informed the attorney that Tunila had no legal claim against the society, for the reason that, under the constitution and by-laws of the society, it was necessary for Tunila to procure the certificate of one or more reputable physicians

that he had been unable to perform manual labor, and was therefore entitled to benefits, and that the physicians would not so certify, but had stated that Tunila was not entitled to benefits.

The plaintiff had no knowledge of the pendency of said action before the justice of the peace, nor that said judgment had been rendered, until after June 12th, when he asked said attorney to permit the default to be opened, and to allow the society to present its defense, which the attorney refused to do.

The plaintiff society has a good defense against the claim of Tunila, and it would be inequitable to enforce said judgment against it.

The complaint asks that the judgment be annulled and set aside, and that the defendant be enjoined from enforcing it.

The trial court properly denied the defendant's motion to expunge the allegations that Petrofski understood, and was informed by his wife, that the copy of the complaint left in service was a notice to call at the attorney's office, and that he called and had the conversation with said attorney as alleged. The facts so alleged were proper evidence that the plaintiff's failure to defend the justice suit was due either to a mistake, or to the wrongful conduct of the defendant's attorney.

The averment, in effect, that defendant's attorney at the described interview gave Petrofski to understand that no action had been or would be commenced was sufficient, without stating the precise language by which he was misled. The motion to make the averment more specific, by setting forth the statements which led Petrofski to so believe, was rightly denied.

The defendant's demurrer to the complaint and prayer for relief was properly overruled.

If the plaintiff, or Petrofski, had failed to appear before the justice of the peace, having knowledge of the pendency of the justice suit, the mere fact that the service of the copy upon Petrofski was defective in point of time would

not have given the plaintiff any claim for equitable relief. *Gallup* v. *Manning*, 48 Conn. 25, 30.

But the complaint alleges, and the demurrer admits, that the plaintiff had no knowledge, and its secretary did not understand, that an action had been commenced. The averments are sufficient to admit of proof that the plaintiff's secretary, upon whom alone service of the complaint was made, from a misunderstanding which was contributed to, if not caused, by the conduct of the defendant's attorney, without negligence on his own part, or on the part of the society, failed to appear, or to have any one appear, before the justice of the peace in behalf of the society. It was not necessary for the plaintiff to allege that the defendant's attorney fraudulently or intentionally misled Petrofski. Proof that he did so innocently might entitle the plaintiff to equitable relief. *Wells* v. *Bridgeport Hydraulic Co.*, 30 Conn. 316, 321.

The allegation that the defendant had a good defense to the justice suit, with the averment of what Petrofski told the defendant's attorney as the reason why Tunila had no legal claim against the society, was an averment of a sufficient defense to the justice suit, and of the nature of it.

Fraud, accident, mistake, and surprise are recognized grounds for equitable interference, when one, without his own negligence, has lost an opportunity to present a meritorious defense to an action, and the enforcement of the judgment so obtained against him would be against equity and good conscience, and there is no adequate remedy at law. *Allis* v. *Hall*, 76 Conn. 322, 330, 56 Atl. 637.

The plaintiff should not, as claimed by the defendant, have asked for a new trial. The Court of Common Pleas had no jurisdiction to grant a new trial of an action brought before a justice of the peace, excepting under the provisions of § 816 of the General Statutes, which do not apply to this case.

There is no error.

In this opinion the other judges concurred.