KATE FOLWELL ET ALS. *vs.* LOUIS B. HOWELL ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 11th—decided November 8th, 1933.

*Joseph A. Gray,* for the appellants (plaintiffs).

*William F. Tammany,* for the appellees (defendants).

MALTBIE, C. J. The complaint in this action alleges that the plaintiffs are the sole heirs at law of Alice F. Burritt, who died May 6th, 1930, leaving a will which has been admitted to probate and in which the defendant Louis B. Howell was named executor; that this will was procured by the fraud, imposition and undue influence exercised by him and the other defendant, his wife, upon the deceased, the details of which are set forth at considerable length and with some redundancy; that the plaintiffs knew little or nothing about the property, mental condition and affairs of the deceased, or the daily attendance of the defendants upon her and did not realize any need to watch their interests as her heirs at law, without fault upon their part; that the defendant executor has made no proper accounting under the so-called will "which the defendant fraudulently procured to be probated;" that thereby the defendants have become fraudulently possessed of the estate of the deceased, which they have dissipated or intend to dissipate; and that the time for taking an appeal from the decree admitting the will to probate had elapsed before the plaintiffs learned of the fraud practiced by the defendants in procuring the execution of the will "so made by the defendants and set out herein and so foisted upon the deceased, the Court of Probate and the plaintiffs." The relief claimed is damages; an injunction restraining the defendants from meddling further with the estate and property of the deceased and requiring them to place that property in the custody of the Superior Court through its clerk; that the Superior Court make a proper settlement of the estate; that the court adjudge the will to be null and void, restraining the Court of Probate from entertaining any further proceedings with reference to it or the estate; and that it command the Court of Probate to dismiss all proceed-

ings now pending before it without further hearing or consideration.

The defendants demurred to the complaint upon several grounds, to the general effect that the rights of the plaintiffs were concluded by the decree of the Court of Probate admitting the will to probate, that they have no right or title to any property of the estate, that any cause of action which might be proven under the allegations of the complaint belongs to the executor and not to them, and that they have adequate remedy for any wrong suffered by them in the Court of Probate; and the defendants also demurred to each of the prayers for equitable relief upon the ground that the matters alleged do not justify them. The trial court sustained the demurrer, and the plaintiffs, without pleading further, moved for final judgment, which was accordingly entered in favor of the defendants.

The demurrer was addressed to the complaint as a whole and it should have been overruled if any cause of action could be proven under the allegations made. *Blakeslee* v. *Water Commissioners,* 106 Conn. 642, 649, 139 Atl. 106. The complaint is inartificially drawn, but it sufficiently appears that the real redress which the plaintiffs are seeking is relief against the admission to probate of a will invalid because of fraud, imposition and undue influence exercised upon the testator and because of the subsequent acts of the defendants. To that end they invoke the equitable powers of the Superior Court. The power of equity to relieve against judgments is thus stated in one of our earlier decisions: "The general principle on this subject, and which controls our opinion in regard to it, is well stated, by Judge Story, in his Commentaries upon Equity Jurisprudence. 'In all cases, where by accident, mistake, fraud or otherwise, a party has an unfair advantage in proceedings in a court of law, which must necessarily

make that court an instrument of injustice, and it is, therefore, against conscience that he should use that advantage, a court of equity will interfere, and restrain him from using the advantage which he has thus improperly gained.'" *Tucker* v. *Baldwin*, 13 Conn. 136, 144. In *Allis* v. *Hall*, 76 Conn. 322, 330, 56 Atl. 637, our law is summed up in this way: "An examination of the many cases involving an application of this principle, discloses that fraud, collusion, accident, mistake, surprise and ignorance of the defense, when the negligence of the party is not one of the producing causes, are frequently recognized as creating situations justifying equitable interference, where it is also shown that a meritorious defense has been lost thereby, that the execution of the judgment would be against equity and good conscience, and that there is no other adequate remedy."

It is true that the power of a court of general equitable jurisprudence to interfere with the decrees of a Court of Probate has been denied; 5 Pomeroy's Equity Jurisprudence, § 2064; but we are satisfied that such power exists. *Johnson* v. *Waters*, 111 U. S. 640, 667, 4 Sup. Ct. 619, 633, 28 L. Ed. 547, 556; *Gill* v. *Pelkey*, 54 Ohio St. 348, 43 N. E. 991; *Baker* v. *O'Riordan*, 65 Cal. 368, 4 Pac. 432; *Silva* v. *Santos*, 138 Cal. 536, 541, 71 Pac. 703; *Froebrich* v. *Lane*, 45 Ore. 13, 21, 76 Pac. 351; *Benson* v. *Anderson*, 10 Utah, 135, 37 Pac. 256. In *Hall* v. *Hall*, 91 Conn. 514, 100 Atl. 441, the plaintiff sought to recover damages upon the ground that he had been deprived of his inheritance by the acts of the defendants in fraudulently procuring the execution of a pretended will and in securing its admission to probate; and while we held that the plaintiff could not recover upon the cause of action alleged because the decree of the Court of Probate admitting the will to probate was, until successfully attacked, a sufficient

defense, we pointed out (p. 520) that the complaint contained sufficient allegations upon which to found such an attack, had appropriate relief been sought.

The complaint before us sufficiently alleges that the will was procured by the defendants by means of such fraud, imposition and undue influence as would have constituted a good defense against the application for its admission to probate. It is true that negligence on the part of the plaintiffs in failing to make that defense in the Court of Probate might debar them from securing relief. *Jarvis* v. *Martin*, 77 Conn. 19, 58 Atl. 15; *Fort Orange Barbering Co.* v. *New Haven Hotel Co.*, 92 Conn. 144, 151, 101 Atl. 505. But it is stated in the complaint that they knew nothing about the alleged wrongful acts of the defendants until the time the action was brought and that they had no reason to suspect such practices. In *Allis* v. *Hall, supra,* we said: "The rule which fixes the consequences for the failure in duty, if it is to be fair and reasonable, must necessarily have respect both to the ability of the litigant to perform the required duty, and to any just and sufficient excuses for not performing it. For these reasons it is recognized that when the failure to make a defense has arisen from circumstances beyond the control of the party, a case justifying the relaxation of the rule is made out. It is for the same reason that ignorance of a defense, without fault, is held to be a sufficient excuse. *Barker* v. *Elkins*, 1 Johns. Ch. [N. Y.] 465. So it must be with any excuse which, under the strict scrutiny required, appeals to the conscience of the chancellor as sufficient, under the circumstances, to call for a relaxation of the arbitrary rule of policy in order that wrong may not triumph under its cloak." It cannot be said as a matter of law that under the allegations of the complaint facts might not be proven which would excuse the failure of the

plaintiffs to defend against the admission of the will when it was offered for probate.

It is true that the complaint contains allegations as to the failure of the executor properly to account for his acts, and misappropriation of funds by him and the other defendant and other like wrongful acts which, so long as the decree of the Court of Probate remains in effect, would give the plaintiffs no right to bring an original action to the Superior Court, and the proper redress for which would be through appropriate proceedings in the Court of Probate. Such allegations cannot, however, destroy the legal effect of the cause of action which was properly alleged. For that cause of action the Court of Probate offered no adequate remedy, because it has no general equitable powers and no right to grant new trials. *Delehanty* v. *Pitkin,* 76 Conn. 412, 56 Atl. 881; *Gill* v. *Bromley,* 107 Conn. 281, 140 Atl. 721; see *Carrington* v. *Holabird,* 19 Conn. 84, 88. No question as to the proper defendants to this action or any improper joinder of parties is raised by the demurrer before us. The demurrer to the complaint should have been overruled.

If the plaintiffs establish the cause of action they allege, a proper injunction against the use of the decree admitting the will to probate and against further administration of the estate by the defendant executor until the final determination of the matter, would be an appropriate remedy. *Carrington* v. *Holabird, supra; Wells* v. *Bridgeport Hydraulic Co.,* 30 Conn. 316, 323. Such a remedy is, however, incidental and would be insufficient in itself to afford a basis for relief to the plaintiff. *Fenwick Hall Co.* v. *Old Saybrook,* 69 Conn. 32, 46, 36 Atl. 1068. This is obviously so, because otherwise any further proceedings in the settlement of the estate under the decree now in force would be prevented by such relief, without any other

provision being made for its settlement, so that the whole matter would be left undetermined. Clearly recognizing this, the plaintiffs prayed the Superior Court itself to take over the settlement of the estate, but this it cannot do. *Beach* v. *Norton,* 9 Conn. 182, 196; *Home Trust Co.* v. *Beard,* 116 Conn. 396, 400, 165 Atl. 208. The Court of Probate must settle the estate and the prayer that it be ordered to proceed no further with such a settlement could not be granted. Nor could the Superior Court itself decree the will to be null and void, although it would have to hear the issues of fraud, imposition and undue influence so far as to satisfy itself that the plaintiffs have a meritorious defense to the admission of the will to probate, which, upon a rehearing would probably produce a different result. 5 Pomeroy's Equity Jurisprudence, § 2088. The principal relief in such a case as this should be by a direct attack upon the decree of the Court of Probate admitting the will to probate, and the remedy would be a judgment of the Superior Court that the decree is null and void and that it be set aside, and the defendants be restrained from setting it up as a defense to further proceedings in the Court of Probate, thus leaving the parties to bring the question of the admission of the will to probate again before that court in disregard of the decree. See judgment in *Lithuanian Brotherhelp Society* v. *Tunila,* 80 Conn. 642, 70 Atl. 25, 78 Records and Briefs, 74; *Johnson* v. *Waters, supra,* p. 674;; *Baker* v. *O'Riordan,* and *Froebrich* v. *Lane, supra;* 4 Pomeroy's Equity Jurisprudence, § 1365.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.