[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 11, 1996
This is a foreclosure action instituted by the plaintiff, First Federal Savings and Loan Association of Rochester. A judgment of strict foreclosure entered on September 6, 1994 and the last day of redemption was in October 1994. Plaintiff has filed a motion to reopen the judgment and a motion to substitute First National Bank of Boston as the party plaintiff.
The basis for both of these motions is that plaintiff made an error by proceeding with the foreclosure because prior to the institution of the suit, plaintiff assigned all its interest in the mortgage and note to First National Bank of Boston. The owners of the equity of redemption appeared, through counsel, at the hearing on the motions but took no position regarding the motions' disposition.
Section 49-15 of the General Statutes provides that a judgment of foreclosure cannot be reopened after the passage of the law days and the vesting of title in any encumbrancer. Plaintiff argues that although the law days have passed, the court may nevertheless reopen the judgment under the limited exception allowing a court to reopen a case because of a mistake. See Hoey v. Investors' Mortgage Guaranty Co., 118 Conn. 226,230-31 (a court of equity may grant relief from the operation of a judgment when fraud, accident, mistake, or surprise exists). This court concludes that the grounds advanced by plaintiff to reopen this judgment are insufficient because they require the court to find that plaintiff was without fault in acquiring the result it now wants undone. Id. Nevertheless, for alternative reasons, this court has authority to reopen the judgments and will grant the motions. CT Page 2851-A
In order for a court to render a valid, final judgment in a lawsuit, it must have jurisdiction over the parties and the subject matter of the suit. In the instant case, jurisdiction over a necessary party to this suit-namely the owner of the mortgage and note — is absent. Although questions concerning personal jurisdiction most often concern jurisdiction over a defendant, a foreclosure action adjudicates the legal right to possess real property, and a court's jurisdiction to make this determination is clearly lacking when an assignment makes the foreclosing party a stranger to both the property and the mortgage documents.
In the absence of proper jurisdiction, the authority to reopen the judgment is not governed by § 49-15, but by the court's inherent power to open a judgment rendered without adequate jurisdiction. See Broaca v. Broaca, 181 Conn. 463,467-68 (1980) (a judgment rendered without jurisdiction is subject to both direct and collateral attack); General Motors AcceptanceCorp. v. Pumphrey, 13 Conn. App. 223, 228 (1988) (authority to reopen a judgment rendered without jurisdiction is not governed by either General Statutes § 326 or Practice Book § 326, but by the court's inherent powers). In exercising this discretion, the court should consider all the relevant circumstances of the case, including the positions of or prejudice to the parties, the amount of time that has passed since the entry of judgment, and the other remedies available to the movant. The court's consideration of these factors in this case indicates that a reopening of the judgment is appropriate.
Accordingly, the motion to reopen judgment and the motion to substitute party plaintiff are hereby granted.
STEVENS, J.