[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 3, 1995, the plaintiff, Frank Pignataro, filed a one-count complaint containing the following allegations. On March 23, 1993, the probate court for the District of Danbury entered an order and decree terminating the parental rights of the plaintiff in his natural daughter. Thereafter, the probate court provided for the adoption of the plaintiff's daughter by the co-defendant Frank J. Cappiello. The plaintiff did not receive notice of the probate court hearing, nor did he attend the hearing. On October 6, 1994, the plaintiff received notice of the probate court's decree.
The plaintiff alleges that the decrees of the probate court were the product of fraud, collusion, mistake or accident, and not attributable to any fault of the plaintiff. Specifically, the plaintiff alleges, inter alia, that the defendants submitted a false affidavit to the probate court[1] and that they fraudulently withheld the plaintiff's location from the probate court. The plaintiff claims that the defendants' fraudulent conduct deprived him of the opportunity to present a meritorious defense.
The plaintiff asks this court to exercise its equitable powers to, inter alia, declare the decrees of the probate court null and void and to set them aside. The defendants have filed CT Page 4332-EEEE a motion to dismiss the plaintiff's complaint on the ground that this court lacks subject matter jurisdiction to here the issues presented by this case.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book § 142."Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). "The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175, 180,554 A.2d 724 (1989). "When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." Antinerella v. Rioux, 229 Conn. 479, 489,642 A.2d 699 (1994). Furthermore, "every presumption is to be indulged in the favor of jurisdiction." Ambroise v. WilliamRaveis Real Estate, Inc., 226 Conn. 757, 765, 628 A.2d 1303
(1993).
The defendants argue that this court lacks subject matter jurisdiction over this appeal from the probate court's decrees because the plaintiff did not comply with the statutory requirements for appeals from probate courts. The plaintiff replies that compliance with those statutory provisions is not necessary in this case because this is not a probate appeal. Rather, the plaintiff is asking the court to exercise its inherent equitable authority to correct a judgment of the probate court that has been procured by fraud, collusion, accident or mistake.
The statutes with which the defendants claim that the plaintiff has failed to comply are General Statutes §§ 45a-186,45a-187. General Statutes § 45a-186 provides, in pertinent part, that "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter . . . may appeal therefrom to the superior court for the judicial district in which such courtof probate is held. . . ." (Emphasis added.) The plaintiff brought this action in the judicial district of Fairfield to challenge the decrees of a Danbury probate court. Accordingly, the defendants argue that this court lacks jurisdiction over the plaintiff's action because it was commenced in the wrong judicial district.
General Statutes § 45a-187 requires that appeals from a decree of termination of parental rights or adoption be taken CT Page 4332-FFFF within ninety (90) days. Relying on the dates in the plaintiff's complaint, the defendants assert that the decrees of the probate court were entered on March 23, 1993, and the plaintiff filed his complaint on January 3, 1995. The defendants argue that the plaintiff's action was not commenced within the ninety day statutory requirement and that, therefore, this court lacks subject matter jurisdiction over the plaintiff's complaint.[2]
The plaintiff argues that these statutory requirements are irrelevant because his cause of action relies on the inherent equitable powers of the court, and not the statutory right to appeal a probate decree.
On its face, the plaintiff's action is one in equity; it is not an appeal from probate. "`Courts of equity may grant relief from the operation of a judgment when to enforce it is against conscience, and where the appellant had no opportunity to make defense, or was prevented from so doing by accident, or the fraud or improper management of the opposite party, and without fault on his [or her] own part. . . .' Hoey v. Investors'Mortgage Guaranty Co., 118 Conn. 226, 230, 171 A. 438 (1934). `Fraud, accident, mistake, and surprise are recognized grounds for equitable interference, when one, without his [or her] own negligence, has lost an opportunity to present a meritorious defense to an action, and the enforcement of the judgment so obtained against him [or her] would be against equity and good conscience, and there is no adequate remedy at law.' LithuanianBrotherhelp Society v. Tunila, 80 Conn. 642, 645, 70 A. 25
(1908)." Cavallo v. Derby Savings Bank, 188 Conn. 281, 284-85,449 A.2d 986 (1982).
"Equity has, in general, the same power to grant relief against probate judgments as against ordinary judgments."DelVecchio v. DelVecchio, 146 Conn. 188, 193, 148 A.2d 554
(1959). Thus, the supreme court has stated that while "the power of a court of general equitable jurisprudence to interfere with the decrees of a Court of Probate has been denied; 5 Pomeroy's Equity Jurisprudence, § 2064; . . . we are satisfied that such power exists." Folwell v. Howell, 117 Conn. 565, 569,169 A. 272 (1933). Furthermore, where a plaintiff's appeal from probate was untimely, the supreme court stated that "[h]er only recourse on the ground of misrepresentations would be `by an appeal to the general equitable power of the Superior Court, which may, in proper cases, grant relief against decrees of the Probate Court procured by fraud, accident, mistake and the CT Page 4332-GGGG like.' Haverin v. Welch, [129 Conn. 309, 316, 27 A.2d 791
(1942)]; DelVecchio v. DelVecchio, 146 Conn. 188, 193,148 A.2d 554 [(1959)]; Miller v. McNamara, 135 Conn. 489, 493,66 A.2d 359 [(1949)]; Folwell v. Howell, 117 Conn. 565, 568-69,169 A. 199 [(1933)]." Phinney v. Rosgen, 162 Conn. 36, 42, 291 A.2d 218
(1971); see also VanBuskirk v. Knierim, 169 Conn. 382, 388,362 A.2d 1334 (1975).
The plaintiff's complaint contains specific allegations of fraud and collusion by the defendants. Additionally, the plaintiff solicits this court to exercise its equitable powers to grant the plaintiff relief. Considering the allegations in their most favorable light, the plaintiff has alleged an equitable cause of action, independent of the statutory right to appeal a probate decree.[3]
With respect to the defendant's argument that this action was commenced in the wrong judicial district, General Statutes § 51-345 (3) provides that if the plaintiff or defendant are residents of this state, civil process shall be returnable to the jurisdictional district where either the plaintiff or defendant resides. The plaintiff's summons lists his residence as Stratford. General Statutes § 51-344 (3) provides that the judicial district of Fairfield includes the town of Stratford. Therefore, the plaintiff properly commenced this action in the judicial district of Fairfield.
The motion to dismiss is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court