## THE STATE *vs.* JOHN NYMAN.

Hartford Dist., Oct. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

The statute (Gen. Statutes, p. 61, sec. 9) provides that "in no trial in the Superior Court shall counsel occupy more than one hour in argument, unless the court shall, on motion for special cause before the commencement of such argument, allow a longer time." Held—

1. That as by long practice each party in the Superior Court has had the privilege of being heard by two counsel, the statute must be taken to mean that each party may occupy two hours in argument without previous request of the court.

2. That it is immaterial whether the two hours shall be occupied by one counsel or by two, and, if by two, whether in equal or unequal proportions, the division of the time being a matter for them to arrange between themselves.

Where, upon an indictment for murder, the junior counsel in opening the argument to the jury for the defence occupied but a part of an hour, and the senior counsel, having occupied an hour and being stopped by the court, claimed the right to be allowed the time not used by his associate, and the court refused to grant it, and the defendant was convicted, a new trial was granted.

[Argued October 12th,—decided November 30th, 1886.]

INDICTMENT for murder in the second degree; tried to the jury in the Superior Court in Tolland County before *Stoddard, J.* Verdict guilty, and appeal by the defendant. The case is fully stated in the opinion.

*D. Marcy* and *J. L. Hunter,* for the appellant.

*B. H. Bill,* State's Attorney, for the state.
. . . .

PARDEE, J. This is an indictment for murder in the second degree. The jury found the defendant guilty, and he appeals, assigning, with other reasons, the following: "That the court erred in stopping the senior counsel for the defendant in his argument of the case to the jury after he had occupied one hour, and in overruling his claim for more time for argument, thereby depriving the accused of his constitutional right to be heard by counsel. Also in overruling

the senior counsel's claim, that as his assistant had occupied only one half hour in his argument to the jury, he, the senior counsel, was entitled to the fraction of his assistant's hour unused, in accordance with his understanding and agreement with him before the commencement of the argument, and in accordance with the practice of the court in that county; thereby depriving the defendant of his constitutional right to be heard by counsel. Also in not allowing the defendant's counsel reasonable time to argue the cause to the jury, and thereby depriving him of his constitutional right to be heard by counsel."

The finding upon this point is as follows : " No application to extend the time for argument beyond one hour for each counsel was made. The senior counsel for the accused, when he had occupied something over one hour, was stopped by the court, and thereupon claimed the right to indefinite time. The court ruled that he was confined to one hour. Counsel then claimed that as his associate had not occupied a full hour in argument, he was entitled to the fraction unused. The court overruled that claim. Then counsel asked the indulgence of the court for five minutes, which was granted ; and thereupon counsel took more than the time so granted, and stopped voluntarily."

The statute provides that " in no trial before the Superior Court shall counsel occupy more than one hour in argument, unless the court shall, on motion for special cause before the commencement of such argument, allow a longer time : " Gen. Statutes, p. 61, sec. 9.

From time immemorial, in this jurisdiction, each party to every cause in the Superior Court has had the privilege of being heard by two counsel; therefore the statute means that each party may occupy two hours in argument, without previous request to the court.

Of course, the sole purpose of the statute is to secure the more speedy dispatch of judicial business. Therefore it is quite immaterial whether the two hours shall be occupied by one counsel or by two ; and if by two, whether in equal or unequal proportions. The practice has generally pre-

vailed on the part of counsel to divide the time into unequal portions by agreement between themselves, and such division has been acquiesced in by the court in the absence of previous formal request. When, therefore, in the case at bar, the senior counsel, after the commencement of his argument, asked the court for permission to occupy the fraction of an hour not used by his associate, he was without the letter of the statute, but he was within the reason and spirit of it, and within the interpretation sometimes put upon it by trial courts.

It is best, if possible, to take from a man every reason for believing that he has been deprived of any right in making his defence against a criminal charge, especially if it involved his liberty for life.

There is error in the ruling of the court, and a new trial is granted.

In this opinion the other judges concurred.