THOMAS P. CHRONIS v. CROWN MOTOR FREIGHT COMPANY

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 70493

Memorandum filed February 20, 1948

*Louis M. Altman,* of Stamford, and *Paul J. Goldstein,* of New Haven, for the Plaintiff.

*Pullman & Comley,* of Bridgeport, for the Defendant.

MURPHY, J. This is one of the comparatively rare instances where a victorious plaintiff is dissatisfied with the amount of his verdict. He has moved to set it aside as being contrary to the evidence and the law and as being inadequate.

In argument upon the motion his counsel restricted himself to the claim that the ruling of the court in limiting plaintiff's counsel to one hour in argument constituted an abuse of discretion and that, had chief counsel had more time in his closing argument to exert his powers of persuasion upon the jury, the verdict would not have been a disappointment.

Section 5648 of the General Statutes reads: ". . . in no trial before the superior court . . . shall counsel occupy more than one hour in argument, unless the court shall, on motion for special cause, before the commencement of such argument, allow a longer time."

The presentation of evidence took three and one-half court days. It was not an exceptionally long trial. Arguments started

at 2:17 p. m. on Friday, February 6. No motion was made before arguments began to extend the time provided by statute.

Junior counsel for the plaintiff had consumed almost three-quarters of an hour in the opening argument when defendant's counsel interrupted to advise the court that he intended to insist on compliance with the statute and believed opposing counsel should be so informed before the full hour was exhausted. Plaintiff's senior counsel exhibited surprise that the court would not then extend the time. At the conclusion of the defense argument, which took less than one hour, plaintiff renewed his motion, citing State v. Nyman, 55 Conn. 17, 18.

That case involved an accused charged with murder in the second degree. It seems to me that the exception to the statute was permitted on that appeal because of the seriousness of the charge and the fact that imprisonment for life was the penalty. The Court said: (p. 19) "It is best, if possible, to take from a man every reason for believing that he has been deprived of any right in making his defense against a criminal charge, especially if it involved his liberty for life."

However, the case of State v. Esposito, 122 Conn. 604, 611, seems to be more in point.

The motion was again denied and plaintiff's senior counsel completed his argument.

Had plaintiff moved for longer time before arguments commenced, the court would have extended the time and would have allowed opposing counsel the same amount of time for his argument. It would have been manifestly unfair to permit one party to have more time than the other.

Though the Nyman case was decided in 1887, it says that the purpose of the statute is to secure the more speedy disposal of judicial business. It will hardly be claimed that the docket in Tolland County sixty years ago was as heavy as that in Fairfield County today.

Had plaintiff's motion been granted it would have meant that the defendant's arguments would have been concluded on Friday and the plaintiff would have had the closing argument on Tuesday. If the motion had been seasonably made the court could have allocated the time equitably.

This case was tried once before but the jury disagreed. The amount of the verdict is somewhat less than the court's appraisal of the damages. But that is not sufficient reason to set it aside.

The evidence was conflicting as to the extent of plaintiff's injuries, the duration of incapacity caused thereby and prognosis. The amount of his earnings prior to his injuries was open to serious question.

The amount of the verdict was within the range of reasonableness. The court would be substituting its judgment for that of the jury if the motion was granted. The plaintiff has been through the ordeal and strain of two trials. His condition will not be improved by exposure to another joust between counsel, litigants and medical "specialists."

The motion is denied.