KATHERINE HILL *v.* DONALD R. HILL ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND COMLEY, JS.

Argued April 6—decided June 7, 1949.

*Frank L. Wilder,* for the appellants (defendants).

*William J. Galvin, Jr.,* with whom, on the brief, was *A. S. Albrecht,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff sought an injunction prohibiting the defendants from making any use in the

courts of this state, and particularly in certain proceedings pending in the Probate Court for the district of Darien, of a decree of a Surrogate Court in New York giving her son in adoption, and, if necessary, a declaratory judgment as to the validity of the adoption proceedings. The defendants named in the writ are two brothers and a sister of the plaintiff and Charles A. Mulligan, Jr., the husband of the sister. The trial court found that the decree of the New York court had been procured by fraud practiced on the court and that as the plaintiff was not a party to it she could attack it; and judgment was rendered granting an injunction prohibiting the defendants from seeking to use the decree to secure any advantage in the probate proceedings and declaring it to be null and void. The defendants have appealed.

These are the facts as they appear in the finding: On July 17, 1927, the plaintiff, then in her middle teens, gave birth to an illegitimate son, whom we shall call Robert. Shortly after his birth he was taken into the family of which she was a member, then consisting of her mother and father, a sister and two brothers. They agreed that Robert should never be told of his illegitimate birth but should be led to believe that he was the son of the plaintiff's parents, and so his mother's brother, and that he should be so treated, an agreement which was observed throughout his life. In the fall of 1935 it was decided to enter him in a public school and for that purpose a birth certificate was necessary. The family then resided in Staten Island, New York. In order to secure a certificate which would conceal the fact of his illegitimate birth, the plaintiff's parents presented to the Surrogate Court for Richmond County a petition seeking the adoption of the boy. It recited that his name was Donald Robert Rogers, that his mother, Helen Marian Rogers, was a

sister of the plaintiff's mother, that his father was Robert Rogers, that from his birth Robert had lived with the petitioners, that his mother was dead, that after the boy was three years old his father had not visited him or contributed to his support and the petitioners had been unable to locate him and believed him to be in some foreign country, and that no other persons were interested in the proceedings except those mentioned above. An order of notice was directed to "Robert Rogers, formerly a resident of the County of Richmond, State of New York," and was published twice in a newspaper circulating on Staten Island. An investigator for the court reported to it that the facts stated in the petition and other papers incident to the proceedings were true. The court, upon the basis of that report and its finding that the father of the boy had deserted him, rendered a decree granting adoption to the petitioners. The plaintiff knew nothing about the adoption proceedings until some years later. When in 1941 the plaintiff's mother died, the family broke up, and Robert came to Darien to live with the plaintiff's brother Donald, whose home was there; and Robert continued to live in Darien until he was killed in an automobile accident in March, 1946. Donald applied to the Probate Court for the district of Darien to be appointed administrator upon Robert's estate, was so appointed, and as such received $14,000 in settlement of a claim for damages for Robert's death by wrongful act. The defendant brothers and sister of the plaintiff are threatening to claim a distributive share of Robert's estate as his foster brothers and sister and so his heirs at law, and the defendant Mulligan is threatening to seek such a share on their behalf.

The defendants assign many errors in the finding and in the failure to find certain facts, but the only claim in their brief in this connection is a general one

that the finding should be corrected to show that the plaintiff knew of the adoption proceedings at the time they were taken. She directly testified to the contrary and we cannot hold that the trial court could not credit her testimony, even though there was evidence to the contrary. Mulligan is not a resident of this state and the only service made upon him was by mail at an address in New York; formal entry of appearance was made by counsel only for the defendants other than Mulligan; but counsel thereafter signed the answer in the action and subsequent papers with the words "The Defendants," appending their names as attorneys. A court may deal with a party represented by counsel before it even though he has entered no formal appearance. *Rommell* v. *Walsh*, 127 Conn. 16, 18, 15 A. 2d 6. It hardly lies in the mouth of counsel now before us to say that they are not representing Mulligan when they claim, not that the judgment against the other defendants is invalidated because no appearance was made for him, but that the judgment against him was erroneous; and, as the judgment is clearly severable, unless they represent him, they have no standing to attack it on the ground that it should not have been rendered against him. There was no need to include in the judgment a provision terminating a temporary injunction which had been issued in the case; by its terms it ran only until the court should make a "further order"; and it automatically terminated when the court granted the permanent injunction.

The only substantial claim the defendants make is that the judgment of the Superior Court improperly interferes with the administration of the estate in the Probate Court. In answer to this contention little need be added to what we said in *Miller* v. *McNamara*, 135 Conn. 489, 496, 66 A. 2d 359, and the earlier case of

*Folwell* v. *Howell,* 117 Conn. 565, 568, 169 A. 199. As pointed out in the *Folwell* case (p. 571), the Probate Court would have no power to disregard the decree of the Surrogate Court on the equitable grounds which were the substantial basis of the judgment of the trial court. See also *Haverin* v. *Welch,* 129 Conn. 309, 316, 27 A. 2d 791. To restrain the defendants from making use of the surrogate decree in the proceedings pending in the Probate Court does not interfere with the performance by the latter of its proper functions; it will proceed to settle the estate in the exercise of its independent jurisdiction but in so doing will conform to the law governing the rights of the parties as determined by the judgment of the Superior Court. *See Folwell* v. *Howell,* supra, 572. *Home Trust Co.* v. *Beard,* 116 Conn. 396, 400, 165 A. 208; *Tyler* v. *Hamersley,* 44 Conn. 419, 420; *Reiley* v. *Healey,* 122 Conn. 64, 80, 187 A. 661; *First National Bank & Trust Co.* v. *McCoy,* 124 Conn. 111, 115, 198 A. 183; *Geenty* v. *Phoenix Mutual Life Ins. Co.,* 127 Conn. 107, 114, 14 A. 2d 720.

The defendants claim that the trial court improperly excluded certain questions and answers forming a part of a deposition given by Peter Baumer, a member of the New York bar. The trial court ruled admissible testimony as to certain conversations the plaintiff had with Baumer, or which took place in her presence, before he began to act as her attorney, but other questions and answers as to statements made by her to him were excluded on the ground that he was at the time they were made acting as her attorney and so they were privileged. The defendants do not claim that, if he was at the time so acting, the exclusion of the questions was erroneous, but their contention is that he was not then so acting. Only portions of the deposition appear in the record, and from them we

cannot conclude that the trial court erred in holding that the statements were made to him as her attorney.

There is no error.

In this opinion the other judges concurred.