ESTHER KILLEN *v.* M. EDWARD KLEBANOFF, ADMINISTRATOR (ESTATE OF SUSAN S. SHERMAN)

SUPERIOR COURT NEW HAVEN COUNTY FILE No. 74484

178

Memorandum filed October 6, 1952.

*John V. O'Brien* and *Jacob Belford,* of New Haven, for the Plaintiff.

*Pouzzner, Hadden, Kopkind & Hadden,* of New Haven, for the Defendant.

SHEA, J. This is an appeal from a decree of the Probate Court for the district of West Haven ascertaining the heirs at law of Susan S. Sherman, late of West Haven in said district, deceased.

In 1918, by agreement, one Esther Evans, the appellant in this case, was given in adoption by Joseph J. Evans and Mary E. Evans, her father and mother, to Susan S. Sherman and Arthur N. Sherman. This agreement was approved by the Probate Court for the district of New Haven.

On August 16, 1929, by agreement of that date, the said Susan S. Sherman and Arthur N. Sherman gave the said Esther Evans in adoption to Mary B. Holmes, the natural mother of the said Esther Evans. This agreement was approved by the Pro-

bate Court for the district of New Haven on August 23, 1929. When the agreement was entered into on August 16, 1929, the said Mary Holmes was lawfully married to one Harry Holmes, who did not sign the agreement of adoption. The said Mary Holmes and Harry Holmes were legally married at Hartford, Connecticut, on April 14, 1921, and they continued to live together as husband and wife until the death of the said Mary Holmes on November 5, 1947.

Susan Sherman died a resident of the Probate Court of the district of West Haven on July 31, 1948. Her husband, Arthur N. Sherman, had predeceased her. On the application of M. Edward Klebanoff, administrator of the estate of said Susan S. Sherman, the Probate Court for the district of West Haven entered its decree ascertaining the heirs at law of said deceased. The appellant, the former Esther Evans, has appealed from the decree of the Probate Court which found that she was not an heir at law of the deceased, Susan S. Sherman

On July 7, 1951, the said Esther Killen brought an action against the defendant as administrator of the estate of Susan S. Sherman, returnable to this court on the first Tuesday of August, 1951, seeking to have the court enter a decree declaring that the order of the Probate Court for the district of New Haven, dated August 23, 1929, approving the adoption agreement of August 16, 1929, was null and void. Trial of this action was commenced in the Superior Court on October 24, 1951, and continued into the following day, when the appellant and the defendant, through their attorneys, reached an agreement of settlement whereby the defendant agreed to pay and the appellant agreed to accept the sum of $3000 in full settlement of all her claims to inheritance to said estate. The trial of the case was suspended and the judge presiding at the trial was notified of the settlement reached by the parties.

Subsequently the defendant, as administrator, filed an application with the Probate Court in West Haven for authority to compromise the claim of said Esther Killen for the amount agreed upon in the settlement. The probate court took no formal action upon this application. On November 12, 1951, the administrator secured authority from certain persons declared to be heirs of the estate under the decree of the probate court to deduct from their distributive shares in said estate sums of money sufficient to pay the appellant the full settlement of $3000. Meanwhile the appellant had notified her attorneys to refuse to accept the settlement agreed upon. When the defendant notified the attorneys for the plaintiff that he was prepared to pay over the $3000, the attorneys for the plaintiff refused to accept it.

The adoption of a minor child and the giving of it in adoption to persons other than its natural parents is a procedure, and creates a status, unknown to the common law. Being of purely statutory origin, a legal adoption results if the statutory procedure is followed but fails if any essential requirement of the statute is not complied with. *Goshkarian's Appeal*, 110 Conn. 463, 465. Under the provisions of § 4881 of the General Statutes, Rev. 1918, no person having a husband living and competent to join could adopt any child unless such husband joined in the adoption. It is clear from the evidence presented in this case that Mary Holmes on August 16, 1929, had a husband living and competent to join in the adoption proceedings. However, he was not a party to them. Under the provisions of our law then existing, the purported adoption of August 16, 1929, was ineffective and the Probate Court for the district of New Haven was without jurisdiction to approve it. *Willis* v. *Bell*, 86 Ark. 473, 478. Consent lies at the foundation of statutes of adoption and when it is required to be given and submitted the court cannot take jurisdiction of the subject matter without it.

When Mary Holmes had a husband living and competent to join her in the adoption, such joinder was essential under our statute (General Statutes, Rev. 1918, § 4881) and was prerequisite to jurisdiction. *Furgeson* v. *Jones*, 17 Ore. 204, 212.

The remaining question is whether or not this court can now pass upon the validity and effect of the second special defense. This court must confine itself to the decree appealed from. *Richardson* v. *Richardson*, 2 Root 159. This case comes to this court sitting as a Court of Probate. In all probate appeals the appellate court takes the place of the Probate Court. *Davis' Appeal*, 39 Conn. 395, 401. This court on an appeal from probate can do no more than the Court of Probate itself could do in the first instance. *Coe's Appeal*, 64 Conn. 352, 360. Under these decisions the question to be determined on this appeal is whether or not the Probate Court erred in its ascertainment of the heirs of the estate of Susan S. Sherman. This court must limit and confine itself to that question and hence the validity and effect of the second special defense cannot be considered by it at this time. *Hewitt's Appeal*, 53 Conn. 24, 35.

In a proper case the defendant by resort to this court under its power of equity may obtain appropriate action to prevent the enforcement of an order or decree of the Probate Court. *Miller* v. *McNamara*, 135 Conn. 489, 495; see also *Hill* v. *Hill*, 135 Conn. 566, 570. However, such relief when obtained comes under the general equitable power of the court.

Since the Probate Court for the district of New Haven was without jurisdiction to approve the adoption agreement of August 16, 1929, the decree entered by that court was null and void and of no effect. Consequently, the plaintiff remained and still is the legally adopted child of Susan S. Sherman.

The appeal is sustained. The order appealed from is vacated and the Probate Court is directed to proceed to ascertain the heirs of said estate according to law.