STATE OF CONNECTICUT *v.* GEORGE WATERHOUSE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 4-5131

Argued August 17—decided November 10, 1964

*Michael E. Grossman,* of Hartford, with whom, on the brief, was *Stephen A. Homick,* of Waterbury, for the appellant (defendant).

*Francis M. McDonald, Jr.,* assistant prosecuting attorney, for the appellee (state).

LEVINE, J. The defendant was charged with two counts of pool selling in violation of § 53-295 of the General Statutes. Upon a trial to the jury, he was found guilty on both counts and has appealed, assigning as error (1) the refusal to allow cocounsel to participate as trial counsel, (2) the admission of evidence obtained as the result of a claimed invalid and unreasonable search and seizure, (3) the admission into evidence of a photograph of the defendant, and (4) the denial of his motion, as to each count, to set aside the verdict. The jury could reasonably have found from the evidence that the state police, armed with a search warrant for the defendant's premises and an information naming the defendant and alleging pool selling, entered the defendant's home in Union City on May 13, 1963, and searched the premises. While there, the police officers answered the telephone and recorded wagers on horse racing from five players. They also secured certain physical evidence of pool selling, namely, telephones, an Armstrong daily, a tally sheet, newspapers and sports bulletins. The evidence further indicated that a telephone number listed in the defendant's name for a telephone found on his premises had been used by two witnesses to telephone in their wagers.

At the trial, the defendant was represented by two attorneys, and on the direct examination of the first state's witness one attorney raised the objections to the evidence and the other cross-examined the witness. While the second state's witness was on the stand, the attorney who had cross-examined the previous witness raised an objection to the direct testimony. At this point, the court ruled that one attorney only would be trial counsel and the other attorney could act only as advisory counsel; that is, he was only to confer with the trial counsel and would have no right to be heard on any matter

by the court or to examine or cross-examine any witness. The court instructed the attorneys to decide between themselves which one would be trial counsel and which one would act only by consulting with the trial counsel. The defendant claims that his constitutional rights were violated by the court's ruling.

Both the sixth amendment to the federal constitution and § 9 of article first of the Connecticut constitution give to a defendant the right to be represented by counsel. This constitutional right to counsel has not been limited to a single attorney. "From time immemorial, in this jurisdiction, each party to every cause in the Superior Court has had the privilege of being heard by two counsel . . . ." *State* v. *Nyman,* 55 Conn. 17, 18. In that case, the Connecticut Supreme Court ruled that both of the attorneys for the defendant had a right to argue to the jury and to divide between them, as they saw fit, the time allotted for argument. "One accused of crime . . . has a right to counsel of his own selection and as many as he may see fit to employ . . . ." 53 Am. Jur. 43, Trial, § 26. The procedure for the examination of a witness, either in chief or by cross-examination, where there are cocounsel is provided in our practice. Practice Book § 225.[1] Our practice also provides that one attorney only shall be heard on any question of evidence or on any interlocutory motion or on pleas in abatement or to the jurisdiction. Practice Book § 231.[2] Our courts have recognized that a defendant may have more than one

---

[1] "Sec. 225. EXAMINATION OF WITNESSES. The counsel who commences the examination of a witness, either in chief or on cross-examination, must alone conduct it; and no associate counsel will be permitted to interrogate him, except by permission of the court."

[2] "Sec. 230. ARGUMENT BY COUNSEL. Sec. 231.——INTERLOCUTORY MATTERS. No more than one counsel on each side shall be heard on any question of evidence, or upon any interlocutory motion or plea in abatement or to the jurisdiction, without permission of the court."

counsel appear for him in court, by judicial decision, by providing the procedure to be followed where there is more than one counsel for the defendant or for a party to an action, and by prescribing the procedure for cocounsel to act as trial counsel. These rules of the Superior Court have been made applicable to the Circuit Court. Practice Book § 800.

The trial court was in error in denying the right of cocounsel to examine or cross-examine witnesses and to make objections to evidence offered by the state, since the court was limiting the function of counsel rather than insisting, as it could have, on the proper procedure of having one counsel only appear in examination or cross-examination of the same witness or speak on any questioned ruling. The fact that one counsel had objected to the testimony of the state's first witness did not affect the second counsel's right to object to evidence offered by another state's witness.

The state claims that the second attorney had no right to be heard, since he had not filed an appearance with the court. "A court may deal with a party represented by counsel before it even though he has entered no formal appearance." *Hill* v. *Hill,* 135 Conn. 566, 569. "The rule concerning appearances [Practice Book § 42] is 'a rule of convenience, and as such should be observed,' but it does not preclude recognition by the court of the authority of an attorney who has not formally entered in accordance with its terms." *Rommell* v. *Walsh,* 127 Conn. 16, 18. The court had recognized the authority of cocounsel to act from the outset of the trial.

Our view of the case makes it unnecessary to consider the remaining assignments of error. However, we cannot refrain from noting that the attorney who was denied the right to participate in the trial

by being heard withdrew from the courtroom proceedings during the trial after he renewed his argument about his right to act as cotrial counsel and it was again denied. We think he should have remained at the trial even though his effectiveness was limited.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KOSICKI and KINMONTH, Js., concurred.

