[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On October 3, 1994, the plaintiffs, Fairfield Resources Management, Inc. (FRM) and Rock Acquisition Limited Partnership (RA), pursuant to General Statutes § 22a-43 (a), commenced this appeal by service of process on the Brookfield Inland Wetlands Commission. On October 12, 1994, the Department of Environmental Protection was served with process of this appeal. CT Page 2253 On October 25, 1994, the plaintiffs filed this appeal with the Superior Court.
The plaintiffs allege the following facts in their appeal. On or about March 24, 1994, FRM filed an application for a permit to conduct regulated activities on land owned by RA with the Brookfield Inland Wetlands Commission (Commission). Thereafter, the Commission denied FRM's application and ordered FRM to perform work on RA's land.[1] The Commission published notice of its decision on September 19, 1994,
On January 6, 1995, the defendant Commission filed its answer and the return of record. Subsequently, pursuant to General Statutes § 22a-43 (a),[2] the Commissioner of the Department of Environmental Protection (DEP commissioner) appeared as a party to this action. On January 9, 1995, the DEP commissioner filed an answer.
On September 18, 1995, the Laurel Hill Association (Association) filed a notice of intervention in this case. The Association intervened, pursuant to General Statutes § 22a-19
(a),[3] and asserted that the permit application FRM filed with the Commission to engage in regulated activities on RA's land involved conduct which would unreasonably pollute, impair or destroy the air, water or other natural resources of the state. With its notice of intervention, the Association filed its answer.
On October 2, 1995, the Association filed a motion to dismiss this appeal and a memorandum of law in support of its motion. In response, on October 16, 1995, the plaintiffs filed a memorandum in opposition to the Association's motion to dismiss. In addition, on October 16, 1995, the DEP commissioner filed a reply memorandum to the Association's motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). In deciding a motion to dismiss, the trial court must consider the allegations of the complaint in their most favorable light. Savage v. Aronson, 214 Conn., 256, 264, 571 A.2d 696
(1990). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the CT Page 2254 complaint states a cause of action." (citation omitted.) DiscoverLeasing Inc. v. Murphy, 33 Conn. App. 303, 306, 635 A.2d 843
(1993). Rather, a motion to dismiss is "granted solely on jurisdictional grounds."[4] Id.
The Association moves to dismiss this appeal based on the following grounds "(1) The citation was not signed by a proper authority; and (2) The appeal process is absent a sheriff's return; and (3) The Commissioner of the Department of Environmental Protection was improperly served; and (4) The appeal was improperly returned without a plaintiff's appearance; and (5) The plaintiffs failed to properly service[sic] notice of the appeal and summon in the statutory intervening party, Laurel Hill Association."
In opposition, the plaintiffs argue that the intervening defendant's arguments are meritless.
The DEP commissioner, while declining to take a position on the Association's motion to dismiss, states that "[b]y the mere fact that the Commissioner has appeared in this case indicates that notice of the appeal reached the Commissioner."
The Association argues that when attorney David B. Losee of Halloran Sage signed the citation, he lacked the authority to sign it because the plaintiffs had discharged him as their attorney and he had not filed an appearance in the appeal. (Intervenor's Memorandum of Law in Support of the Motion to Dismiss, pp. 1-2.)
The plaintiffs counter that Losee properly appealed the Commission's actions and that Losee's agreement with the plaintiffs regarding legal representation does not concern the Association. (Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss, p. 1.)
On November 4, 1995, Losee filed a motion to withdraw the appearance of Halloran Sage as counsel for the plaintiffs. In this motion, Losee stated that the plaintiffs terminated the services of Halloran Sage on October 3, 1994, and that Halloran Sage prepared the present appeal at the plaintiffs' request as a courtesy to the plaintiffs while they were seeking other counsel. Further, Losee maintained that on October 7, 1994, the plaintiffs directed that all files held by Halloran Sage should be transferred to the law firm of Cohn Birnbaum, P.C. According CT Page 2255 to Losee, Halloran Sage complied with the plaintiffs' request. A review of the court file reveals that the court has not ruled upon the motion to withdraw.
In Brunswick v. Inland Wetlands Commission, 222 Conn. 541,551, 610 A.2d 1260 (1992), the court emphasized that "we have held . . . that an improperly executed citation implicates the personal jurisdiction of the court." The court concluded that "[a]n improperly executed writ or citation does not, therefore, affect the subject matter jurisdiction of the trial court. As a defect in having the court acquire personal jurisdiction over the defendant, an improperly executed citation may be waived by the defendant." Id. In Brunswick v. Inland Wetlands Commission,
supra, 547, the issue was "whether a citation is jurisdictionally defective if it is signed by a commissioner of the Superior Court who is himself a party to the litigation." The court determined that the moving parties had waived their right to contest an improperly executed citation by failing to file a timely motion to dismiss. Id., 551.
Similarly, in the present appeal, the Association's claim concerning a defective citation implicates personal jurisdiction. Therefore, the Association has waived this claim by filing an answer to the plaintiffs' appeal prior to its motion to dismiss.[5]
A citation is analogous to a writ. A proper citation requires the signature of a commissioner of the Superior Court or a judge or a clerk of the court to which it is returnable. Section 22a-43
(a) provides that an appeal from an inland wetlands commission is returnable to the Superior Court in the same manner as prescribed for civil actions brought to the Superior Court. General Statutes § 22a-43 (a). General statutes § 52-45a, which governs the commencement of civil actions, requires that a writ "shall be signed by a commissioner of the superior court or a judge or a clerk of the court to which it is returnable." General Statutes § 52-45a. The writ used to commence a civil action is analogous to the citation used to commence an administrative appeal. Brunswick v. Inland Wetlands Commission, supra, 222 Conn. 542
n. 1. A citation is analogous to a writ, a proper citation requires the signature of a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable.
In addition, General Statutes § 51-85 provides that "[e]ach attorney-at-law admitted to practice within the state, CT Page 2256 while in good standing, shall be a commissioner of the superior court and, in such capacity, may, within the state, sign writs . . . .", General Statutes § 51-85; see Buck v. Esman,
Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket Nos. 365584 and 397786 (November 19, 1993, O'Neill, J.) (citing General Statutes § 51-85, the court stated that an attorney admitted in Connecticut is automatically a commissioner of the superior court in this state and as such may sign writs); R. Fuller, Land Use Law and Practice § 25.6, p. 462 (1993) (noting that an appeal must be signed by a Commissioner of the superior court or other official authorized to sign legal process, and if the plaintiff is a lawyer or judge, he cannot sign the citation or the appeal). Further, Practice Book § 18 states that "[a]t the time such applicant [for admission to the bar] is admitted as an attorney the applicant shall be sworn as a commissioner of the superior court." Practice Book § 18.
Therefore, in the present case, Losee, as an attorney admitted to the practice of law in this state, is also a commissioner of the superior court with the power and authority to sign writs.[6] Thus, although the Association argues that the plaintiffs terminated Losee's services on October 3, 1994, and that Losee has not filed an appearance in this appeal, Losee, as an attorney and commissioner of the superior court, had the power and authority to sign the citation on October 3, 1994.
The Association argues that although the citation directed a sheriff of Fairfield County to serve the appeal upon the Commission and the Brookfield Town Clerk, and to return the process, the appeal does not contain a sheriff's return for either the Commission or the Town Clerk. Consequently, the Association argues that because it appears from the file that the plaintiffs did not serve either the Commission or the Town Clerk, the court should dismiss the appeal.
General Statutes § 22a-43 (a) provides that a party may appeal the decision of the DEP commissioner, district or municipality to the superior court in the same manner as prescribed for civil actions brought to the superior court. General Statutes § 22a-43 (a). General Statutes § 52-46a
states, inter alia, that "process in civil actions returnable to the Superior Court must be returned at least six days before the return date." General Statutes § 52-46a; see also Kucej v.Kucej, 34 Conn. App. 579, 583-84, 642 A.2d 81 (1994). "It is well CT Page 2257 established in Connecticut that an action has not been brought until service of process has been made upon a defendant . . . and returned to court." Rana v. Ritacco, 36 Conn. App. 635, 639,652 A.2d 1040 (1995). General Statutes § 52-46a "is mandatory and failure to comply with its requirements as to the time when process shall be served renders the proceeding voidable and subject to abatement." Rogozinski v. American Food ServiceEquipment Corporation, 211 Conn. 431, 433, 559 A.2d 1110 (1989).
Although the file in this case lacks the original sheriff's return of service for the Commission and the Town Clerk, this defect was remedied at a hearing held by the court. On November 13, 1995, this court heard oral testimony from Deputy Sheriff Edward W. Plate of Fairfield County regarding his return of service for Ruth Burr, the Brookfield Town Clerk, Angela Abercrombie, the Acting Chairman and Secretary of the Brookfield Inland Wetlands Commission, and Virginia Collins, the Clerk of the Brookfield Inland Wetlands Commission. At this hearing, Deputy Sheriff Plate was examined by the plaintiffs, cross-examined by the defendants, and questioned by the court.
Deputy Sheriff Plate testified that he had served the Town Clerk and the Commission. (Transcript of November 13, 1994 Hearing, p. 3.) Deputy Sheriff Plate further testified that he had attached the original service "to the original paperwork and returned it to Counsel." (Transcript of November 13, 1994 Hearing, p. 4.) He also testified that he was not presently aware of the whereabouts of the original service. (Transcript of November 13, 1994 Hearing, p. 4.) He attested, however, that the copy submitted was a fair and accurate representation of the original, and that his signature was affixed. (Transcript of November 13, 1994 Hearing, p. 5.) Pursuant to cross-examination by the Association's counsel, Deputy Sheriff Plate testified that the exhibit was a "copy of the original." (Transcript of November 13, 1994 Hearing, p. 7.) The court admitted the document as Exhibit 1. (Transcript of November 13, 1994 Hearing, p. 9.)
According to Exhibit 1 and Deputy Sheriff Plate's testimony, his return of service is dated October 3, 1994.[7] (Transcript of November 13, 1994 Hearing, p. 3.) The return date in this case was November 1, 1994. Therefore, the court finds that Deputy Sheriff Plate returned service on October 3, 1994, and properly returned service. Accordingly the court denies the Association's motion to dismiss on this ground. CT Page 2258
Alternatively, this court notes that the Association waived this issue because it involves personal jurisdiction,[8] and the Association filed its answer prior to its motion to dismiss.[9] Practice Book § 112 requires that the Association file its motion to dismiss prior to its answer. Practice Book § 112.
General Statutes § 22a-43 (a) provides that an "appeal shall be made returnable to the Superior Court in the same manner as that prescribed for civil actions brought to that court." General Statutes § 22a43(a). The statute also provides that notice of the appeal "shall be served upon the inland wetlands agency and the commissioner." General Statutes § 22a-43
(a); see Demar v. Open Space Conservation Commission,211 Conn. 416, 426, 559 A.2d 1103 (1989). Further, "[t]he commissioner may appear as a party to any action brought by any other person within thirty days from the date such appeal is returned to the court." Demar v. Open Space ConservationCommission, supra, 211 Conn. 426. Therefore, "this statute provides that appellants must serve notice of such appeal upon the inland wetlands agency and the commissioner." (Emphasis omitted; internal quotation marks omitted.) Id. "The statute, as plainly written, does not provide that the commissioner ought to be joined but leaves that decision to the commissioner." (Internal quotation marks omitted.) Id., 427. "The commissioner not only is not a necessary party, but the statute does not even make him a party. It is clear, however, that the legislature by this language intended that the commissioner be given notice that an appeal had been taken." Id., 427-28.
The Association claims that the DEP commissioner was improperly served. Specifically, the Association argues that the citation is defective because it directs a sheriff or deputy sheriff from Fairfield County to make due service and return, and Charles J. Fisher, Jr. (Fisher), who made due service on the DEP commissioner and return, is a deputy sheriff from Hartford County. Consequently, the Association argues that because Deputy Sheriff Fisher was under no legal command to serve the DEP commissioner, the court should dismiss this appeal.
"We [the Supreme Court] have held that certain defects were circumstantial and did not result in the deprivation of subject matter jurisdiction . . . . In a zoning appeal, we said that, while the plaintiff's failure to provide a proper bond or recognizance was a serious irregularity, it did not destroy the CT Page 2259 jurisdiction of the court over the subject matter." (citations omitted; internal quotation marks omitted.) Demar v. Open Space Conservation Commission, supra, 211 Conn. 428.
In Demar v. Open Space Conservation Commission, supra, 416, the plaintiffs appealed to the trial court from the defendant Commission's denial of the plaintiffs' application for a permit to reconstruct a drainage outlet. The defendant filed a motion to dismiss claiming that the court lacked subject matter jurisdiction because the plaintiffs had not served the Commissioner of Environmental Protection with notice of the wetlands appeal as mandated by § 22a-43(a). Id., 419. Thereafter, the plaintiffs served the DEP commissioner with notice of the appeal. Id. The trial court granted the motion to dismiss because "the plaintiffs' failure to cite the commissioner as required by section 22a-43 deprived it of subject matter jurisdiction." Id., 420.
The Supreme Court disagreed, however, and it set aside the judgment and remanded the case with direction to deny the motion to dismiss. Id., 431. In reaching its conclusion, the court emphasized that "[u]nlike the defendant inland wetlands commission of Rocky Hill . . . the commissioner was not a party, let alone a necessary party, when the appeal was taken and the defendant commission was served." (Footnote omitted.) Id., 426-27. Further, the court noted that this situation is hardly one where "the commissioner of environmental protection is a statutorily mandated necessary party to the proper institution of an appeal and must properly be served with true and attested copies of the appeal." (Brackets omitted.) Id., 427. Additionally, the court stated that this case was not one in which the commissioner did not receive notice, but rather a case where she was aware that the motion to dismiss was pending. Id., 430. The court also noted that "[e]ven had the commissioner been timely served, she [he] was not thereby even made a party, so not even a citation was necessary in serving the commissioner." Id. The court observed that "[m]oreover, it cannot be seriously argued that the trial court could not have entered a valid judgment for or against the plaintiffs or the commission even without the commissioner as a party defendant." Id.
The Association claims that the citation is defective because "it does not direct a sheriff of Hartford County to serve the DEP Commissioner; although a return of a deputy sheriff of Hartford County appears attached to the appeal, it is of no CT Page 2260 legal effect." Association's Memorandum of Law in Support of its Motion to Dismiss, p. 3.) In the present case, the court file reveals that a document entitled "Summons" is attached to the appeal. The document states, in pertinent part, "to the Sheriff for the County of Fairfield or his deputy within said county . . . you are hereby commanded to summon the Brookfield Inland Wetlands Commission . . . by leaving with or at the usual place of abode of the chairman or secretary of the Brookfield Inland Wetlands Commission, and with the Town Clerk of the Town of Brookfield, and with the Commissioner of Environmental Protection, a true and attested copy of the Complaint and Appeal and of this citation and Summons, at least twelve (12) days before the Return Date . . . ." (Plaintiffs' Summons, pp. 1-2. The court file also reveals that Deputy Sheriff Fisher of Hartford County served the DEP commissioner with "a verified true and attested copy of the within original appeal, summons and recognizance with surety . . . ." (Sheriff's Return, dated October 12, 1994.) Because the DEP commissioner knew of the motion to dismiss,[10] and the trial court could have entered a valid judgment for or against the plaintiffs or the commission even without the DEP commissioner as a party defendant, the court denies the Association's motion to dismiss on this ground.
Additionally, with respect to the DEP commissioner, "[e]ven had the commissioner been timely served, she was not thereby even made a party, so not even a citation was necessary in serving the commissioner." Demar v. Open Space Conservation Commission,
supra, 211 Conn. 430. Accordingly, the court denies the Association's motion to dismiss on this ground.
The Association claims that attorney Losee of Halloran Sage lacked the authority to bring this appeal because "he had been discharged as plaintiffs' counsel, and he never appeared in the appeal." (Association's Memorandum of Law in Support of its Motion to Dismiss, p. 3.)
Although the Association claims that attorney Losee lacked the authority to bring this appeal because the plaintiffs had discharged him as their counsel, the Association fails to buttress this contention with either factual or legal support. On November 4, 1994, Losee filed a motion to withdraw his appearance from this administrative appeal, claiming that the "[p]laintiffs terminated the services of Halloran Sage on October 3, 1994 . . . . This appeal was prepared by Halloran Sage at the request of the plaintiffs as a courtesy to them while they were CT Page 2261 in the process of seeking other counsel." The court has not acted upon this motion.
"The entry of an appearance need not necessarily be made by filing a formal appearance form. The conduct of a party may operate as a general appearance." Beardsley v. Beardsley,144 Conn. 725, 730, 137 A.2d 752 (1957). "A court may deal with a party represented by counsel before it even though he has entered no formal appearance." Hill v. Hill, 135 Conn. 566, 569,66 A.2d 814 (1949). Further, "[t]he rule concerning appearances . . . is a rule of convenience, and as such should be observed, but it does not preclude recognition by the court of the authority of an attorney who has not formally entered in accordance with its terms." (Internal quotation marks omitted.) Rommell v. Walsh,127 Conn. 16, 18, 15 A.2d 6 (1940).
In the present case, Losee, as an attorney at law admitted to practice in the Connecticut courts, filed this appeal on October 25, 1994. Attorney Losee signed the appeal and the following appeared beneath his signature "David B. Losee of Halloran 
Sage, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103, Juris No. 26105, Its Attorneys."[11] (Plaintiffs' Appeal, p. 3.) Losee's appearance was entered for the plaintiff when he signed the appeal.
For the reasons set forth above, the court denies the Association's motion to dismiss on this ground.
The Association states that it filed a verified notice of intervention in the agency proceedings below, pursuant to § 22a-19(a),[12] and therefore, it acquired legal standing as a party to both the administrative proceedings as well as the Superior Court proceedings. The Association argues that because it intervened in this case, the plaintiffs should have summoned the Association as a party to this appeal. The Association further argues that because the plaintiffs failed to summon the Association as a party to the appeal, and the Association did not receive formal notice of the appeal, the court should dismiss the appeal.
In opposition, the plaintiffs argue that it was incumbent upon the Association to intervene at both the administrative hearing level and the Superior Court level. The plaintiffs argue that party status at the administrative level does not make the Association, as an intervenor, a necessary party such that a CT Page 2262 motion to dismiss would be granted if the intervenor were not served. Further, the plaintiffs argue that pursuant to § 22a-43
(a),[13] the appeal provision does not require that all parties of record be named in the citation. The plaintiffs also note that the Association has failed to provide case law to support its position.
"Appeals to courts from administrative agencies exist only under statutory authority . . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." Office of Consumer Counsel v. Dept. ofPublic Utility Control, 234 Conn. 624, 640, 662 A.2d 1251 (1995).
General Statutes § 22a-43 (a) provides, in pertinent part, that "[t]he commissioner or any person aggrieved by any regulation, order, decision or action made pursuant to sections22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may. appeal to the superior court for the judicial district where the land affected is located . . . . Such appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court . . . . Notice of such appeal shall be served upon the inland wetlands agency and the commissioner."
The plain language of § 22a-43 (a) requires that notice of the appeal be served upon the inland wetlands agency and the commissioner.[14] General Statutes § 22a-43 does not explicitly require that notice be served upon an intervening party. The statute does make reference to specific parties upon whom notice must be served, and that the statute does not require that notice of the appeal be served upon all parties of record.[15]
Therefore, the court finds that General Statutes § 22a-43
(a) does not require the plaintiffs to serve notice of the appeal upon the intervening Association. Further, because the plaintiffs did not need to serve notice on the Association, it is axiomatic that the plaintiffs did not need to summon in the Association. Hence, the court denies the Association's motion to dismiss on this ground. CT Page 2263
For the foregoing reasons, the Association's motion to dismiss is denied.
Leheny, J.